## L. P. DODSON ET AL. v. J. H. BUNTON.

### No. 6829.

1. **Change of Venue Revised on Appeal.**—The granting of a change of venue when no sufficient ground under the law existed is a reversible error.

2. **Same—Statute Construed.**—Article 1274, Revised Statutes, does not apply to cases pending and properly brought in a county to which another county was attached for judicial purposes where such latter county was enlarged in its boundaries but without alteration in the limits of the county where the suit was pending. Such alteration of the boundaries of the attached county affords no ground for change of venue to the county so enlarged and from the county not affected in its boundaries. See facts.

3. **Kinney and Edwards Counties.**—Legislative acts touching the jurisdiction of the District Courts in said counties discussed and applied.

4. **Construction of Statutes.**—When the purpose of a legislative act is obvious from its language there is nothing left to construction. Courts must enforce it as it reads.

ERROR from Edwards. Tried below before Hon. Winchester Kelso. The opinion states the case.

*J. L. Martin,* for plaintiffs in error.—The motion to change the venue to Edwards County was based on article 1274 Revised Statutes of Texas.

The said article does not apply to a case where a strip of land is taken from one existing county and attached to another existing county. A new county must be made in whole or in part out of the territory where such suit is pending in order to entitle the defendant to his change of venue.

The court in sustaining the motion must have followed the above quoted article as his authority. Neither Edwards nor Crockett counties were new counties created in whole or in part out of the territory of Kinney County subsequently to the filing of this suit in Kinney County. Rev. Stats., arts. 1274, 770, 756, 831; Gen. Laws 1887, p. 12; Gen. Laws 1876, p. 74; Commissioners v. Weede, Dall., 361; Brooks v. Hicks, 20 Texas, 666; Read Bros. v. Levy & Co., 30 Texas, 738; Reynolds v. Crump, 6 Texas, 34; Rev. Stats., art. 3138; Thompson v. Buckley, 1 Texas, 33; Engelking v. Von Wamel, 26 Texas, 469; Etter v. Railway, 2 Ct. App. C. C., sec. 58; Cool. Con. Lim., 68, 179.

*Osceola Archer,* for defendant in error.—The court did not err in changing the venue of this case on defendant's motion from Kinney to Edwards County, for the reason that the Act of 1887 made the new county of Edwards in part out of that part of the unorganized county of Crockett where defendant lived, this territory never having been in the old county of Edwards; and under article 1274 of the Revised Statutes, and the law which requires a defendant to be sued in the county of his residence, the defendant had the right to have the venue of this suit changed to the new county of his residence, which is now Edwards County. Gen. Laws 1884, p. 26; Hall v. Barnes, 82 Ill., 228.

MARR, Judge, *Section A.*—The plaintiff in error L. P. Dodson instituted this suit in the District Court of Kinney County in the month of September, 1886, against defendant in error J. H. Bunton, upon a certain promissory note, and at the same time sued out a writ of attachment, etc. Defendant on the 11th day of March, 1887, answered in the above court, and among other things pleaded in reconvention and claimed damages against the plaintiff and his sureties for the wrongful suing out and levying of the writ of attachment. At this time, as well as at the time of the institution of the suit, the defendant resided in Crockett County, which was attached to Kinney County for judicial purposes. When the action was began the county of Crockett was an unorganized county. By an act of the Twentieth Legislature, passed March 4, 1887, and taking effect in July of that year (Gen. Laws, p. 12), the western boundary line of the organized county of Edwards, constituting also the east boundary line of a part of Crockett County, was established much farther toward the west than as originally located, so as to include within the boundaries thus fixed for Edwards County a large strip of land out of the territory of Crockett

County. The place of defendant's residence was in the territory thus segregated from Crockett and placed within the boundaries of Edwards County. In October of the same year the defendant filed in the District Court of Kinney County "a plea to the jurisdiction and a motion for a change of venue" to Edwards County, evidently drawn under article 1274 of the Revised Statutes. The court sustained the motion and transferred the cause to the last named county, where it was tried before a jury in November, 1888, and the defendant recovered upon his plea in reconvention $3230, less the amount of plaintiff's credits. The latter and one of his sureties have prosecuted the writ of error. There is but one question presented by the plaintiffs in error, viz., Was the defendant entitled by law to have the venue changed under the circumstances of the case? When the motion was presented to the court the plaintiff objected specifically to its sufficiency, and claimed that it showed no such state of the case as under the law would justify the transfer of the cause from the court where it was then pending. The objections were to the effect, (1) that the Act of 1887 was unconstitutional, because the question of detaching a portion of Crockett and attaching it to Kinney County was not submitted to the voters of those counties; (2) that Edwards County was not created by the Act of 1887, but long before that time, and was not therefore "a new county" created "in whole or in part" out of the territory of Kinney County, and consequently that article 1274 of the Revised Statutes (upon which the court sustained the motion) was wholly inapplicable. The objections were overruled, and the plaintiff duly excepted to all of the rulings of the court in reference to the matter.

In the view we take of the law it will be unnecessary to decide the constitutional question raised by the first objection above noted, made by the plaintiff to the motion to change the venue. We shall confine ourselves to the second objection. It has been held by the Supreme Court that the granting of a change of venue when no sufficient ground under the law exists is a reversible error. Railway v. Ryan, 44 Texas, 426. Edwards County was created in 1858. 2 Sayles' Early Laws, art. 2705. The county of Crockett was created out of a portion of the territory of Bexar County in the year 1875. Id., vol. 3, art. 4015. It would therefore have been, until organized, subject to the jurisdiction of the courts of the parent county under the general law but for the act of the Legislature attaching it to Kinney County for judicial purposes. Rev. Stats., art. 670; O'Shea v. Twohig, 9 Texas, 336; Clark v. Goss, 12 Texas, 395. The suit had been properly brought, therefore, and was pending in Kinney County when the Act of 1887, supra, took effect. That act did not affect the boundaries of Kinney County at all nor transfer any of its territory to Edwards County. Article 1274 of the Revised Statutes is to the following effect: That "where a suit may be pending in the District or County Court of any county out of the

*territory* of *which* a *new* county has been or may hereafter be made, in whole or in part," the defendant shall be entitled to a change of venue to "such new county" upon "motion and affidavit stating that neither he nor any one of the defendants resides in the territorial limits of the county where such suit is pending," and did not reside within such territorial limits "at the time of the institution of such suit [meaning the remaining boundaries of such county after the creation of the new county], and upon further swearing that at the date of the filing of the suit said defendant was a resident citizen within the [present] territorial limits of the *new county*," etc.

The appellee's counsel contends most strenuously that as the boundaries or area of Edwards County were greatly increased by the Act of 1887, the legal effect of this act was "to make a *new* county" of Edwards County, and bring it within the purview of article 1274. If this position were correct, then the organized county of Edwards became by virtue of this enactment an unorganized county, without courts or officers, which would exclude the idea of a change of venue to it. But the contention is not correct in our opinion. After the passage of the act, as before, the county of Edwards, created, as we have said, as early as 1858, still retained its organization and original individuality as a "legal subdivision of the State," officially equipped as a body corporate and politic from the time of its organization in the manner prescribed by law. That the Legislature did not intend to create a "new county" by the Act of 1887 is most evident from the title of that act were any additional reason required. It is entitled "An Act to establish the western boundary of Edwards County," and the mode of accomplishing this result is designated in the act. Secs. 2 and 3, p. 13. We are of the opinion that no "new county was made" by this law, and most certainly not "in whole or in part" out of Kinney County. We must therefore hold that the facts stated in the motion to change the venue are not within the purview of article 1274. The purpose of this provision of law and the suits intended to be embraced within its operation is apparent to our minds from the language used, and is rendered certain by reference to the original act of the Legislature of July 29, 1876. 3 Sayles' Early Laws, p. 395. The title of the act is as follows: "An Act to transfer certain suits pending in the courts of the counties of this State out of *which* new counties have been created to the *new* counties so created."

But appellee argues that if not within the letter of the statute the case falls within its spirit. When the purpose of a legislative enactment is obvious from the language of the law itself there is nothing left to construction. In such case it is vain to ask the courts to attempt to liberate an invisible spirit supposed to lie concealed within the body of the law, and thus interpret away the manifest legislative intention by embracing subjects not fairly within the scope of the statute. The

courts must enforce the laws as the Legislature has made them, and if the state of the case here presented requires regulating relief must be had in the legislative department. Cool. Con. Lim., p. 181.

We are clearly of the opinion that the motion to change the venue does not come either within the letter or the *real* spirit of article 1274. It could not have been legally granted under article 1198, since Kinney County was the proper place to bring this suit at the time the action was begun, and that is the criterion under both articles, and a change of residence thereafter is immaterial. Brown v. Boulden, 18 Texas, 432; 24 Texas, 615.

We think, therefore, that the learned district judge was mistaken in his view of the law and ought not to have granted the change of venue, and that for this reason the judgment should be reversed and the cause remanded, to be returned to Kinney County for trial.

*Reversed and remanded.*

Adopted October 20, 1891.