## BUCHANAN v. STATE.
### No. 4501.

Court of Civil Appeals of Texas. Amarillo.
Nov. 15, 1935.

Rehearing Denied Jan. 6, 1936.

Tom Garrard, of Tahoka, and Lockhart & Brown, of Lubbock, for appellant.

William McCraw, Atty. Gen., and Jno. W. Pope, Jr., and Leonard King, Asst. Attys. Gen., for the State.

MARTIN, Justice.

Appellant brought this suit against the state of Texas and the state highway department, alleging in part: "That heretofore, to-wit, on or about September 23rd, 1933, plaintiff, N. W. Buchanan, was standing on the side of his car riding down the streets of Tahoka in Lynn County, Texas; that while he was so riding down the streets of Tahoka, a truck belonging to the Highway Department of the State of Texas and operated by an employee of the Highway Department of the State of Texas, and in conduct of the business of the Highway Department of the State of Texas, and while engaged in work in the construction of a highway of the State of Texas in Lynn County, negligently, carelessly and recklessly backed his said truck into the car upon which this plaintiff was riding. That said employee of the Highway Department of the State of Texas, in operating said truck was negligent in that he failed to keep a proper lookout as to where he was going and was operating said truck in reverse at a high rate of speed and without the use of ordinary care at the time said accident occurred."

This was followed by allegations showing in detail his injuries. It is also alleged that the 43d Legislature at its Second Called Session passed a concurrent resolution granting appellant permission to sue the state of Texas (Acts 1934, 2d Called Sess., No. 14, p. 184), and thereafter the 43d Legislature passed Senate Bill No. 10, validating all concurrent resolutions adopted at previous sessions of the Legislature (Acts 1934, 3rd Called Sess., c. 13). Both the said resolution and Senate Bill No. 10 were set out in haec verba in appellant's petition. A general demurrer was sustained thereto. He declined to amend, and his case being dismissed, he presents here as error the action of the trial court in sustaining a general demurrer.

The constitutional attacks made upon said acts of the Legislature by appellee, we pass without discussion.

They were plainly in derogation of sovereignty, and must be strictly construed. 59 C.J. pp. 1121 and 1122; Rose v. Governor, 24 Tex. 496. Only by a shadowy inference could it be said that these created or admitted liability. Instead, Senate Bill No. 10 contains this pointed language: "Provided, however, that nothing herein shall operate to create any cause of action against the State of Texas." Section 1 (Vernon's Ann.Civ. St. art. 4351½).

That sovereignty is not liable for the wrongs or torts of its officers done in the performance of a purely governmental function, unless it has expressly assumed liability, is well settled. The rule is founded undoubtedly upon the old

240

Anglo Saxon maxim, "The King can do no wrong," a phrase as false in many cases as it is ancient. Since we cannot usurp legislative functions, we are without authority to give appellant any relief. The question presented has been decided adversely to him, in our opinion, in at least three recent cases.

We quote: " * *¹ * Statutes which merely give a state's consent to be sued do not, as a general rule, operate as an admission of liability, or create a cause of action in favor of plaintiff, but merely give a remedy to enforce a pre-existing right and submit the state to the jurisdiction of the court, subject to all lawful defenses in the state's behalf." 59 C.J. p. 304.

"It is now settled that the location, designation, construction, and maintenance of state highways by the highway department as an agency of the state is a governmental function. Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915; Heathman v. Singletary (Tex.Com.App.) 12 S.W.(2d) 150. It is likewise settled that the state is not liable for the torts or negligence of its officers, agents, or servants engaged in the performance of a governmental function, unless it has expressly assumed such liability. 25 R.C.L. 407; 59 C.J. 194; 13 A.L.R. 1276; Adkinson v. City of Port Arthur (Tex.Civ. App.) 293 S.W. 191; Barnes v. City of Waco (Tex.Civ.App.) 262 S.W. 1081; Kling v. City of Austin (Tex.Civ.App.) 62 S.W.(2d) 689. It is not necessary for us to determine whether the Legislature has the power under the Constitution to impose upon the state liability for such damages as appellant claims. It has not undertaken to do so, and, in the absence of such legislation, it is clear that the state is not liable." Brooks v. State (Tex.Civ.App.) 68 S.W.(2d) 534, 535 (writ refused).

See, also, Martin v. State (Tex.Civ. App.) 88 S.W.(2d) 131, opinion by El Paso court, and State v. McKinney (Tex. Civ.App.) 76 S.W.(2d) 556.

We do not impliedly hold that the Legislature may create by a retroactive law a cause of action or admit liability. If present here, the question is not necessary to decide. Our holding is that the acts referred to do not take from the state any defense theretofore existing under the law, and hence it might in the trial court

and here urge its immunity as a sovereign from liability for a tort of the character indicated.

Judgment affirmed.