**UNIVERSITY OF HOUSTON SYSTEM; University of Houston–Clear Lake; Charles W. McKay, PhD, in his official capacity; and Ramiro Sanchez, PhD, in his official capacity, Jointly and Severally, Appellants,**

v.

**Graciela LUBERTINO, PhD, Appellee.**

No. 01–01–00919–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 14, 2002.

█

424

Russ Wayne Harris, Office of the Attorney General, General Litigation Division, Austin, for Appellants.

Ella Edwards Brown, Brown & Hixon, Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

ELSA ALCALA, Justice.

In this accelerated appeal, appellants, the University of Houston System, the University of Houston–Clear Lake, Dr. Charles W. McKay, and Dr. Ramiro Sanchez (collectively, "UHCL"), appeal the trial court's interlocutory order denying its plea to the jurisdiction. Appellants contend the appellee, Dr. Graciela Lubertino, failed to properly exhaust her administrative remedies before filing her whistleblower action in district court.[1] We reverse the trial court's order and render judgment that the trial court lacks jurisdiction over Lubertino's suit.

## Facts

From June 1996 through August 2000, Lubertino was employed by UHCL as a post-doctoral research fellow under the supervision of Dr. Ramiro Sanchez. In early 2000, Lubertino applied for a faculty position in the UHCL chemistry department. Sanchez chaired the committee, which ultimately hired Alexandra McDermott. In March or April 2000, Lubertino had reported to Katherine Justice, a UHCL human resources director, that selecting McDermott would violate immigration law and UHCL policy. Lubertino also reported the potential violations to Charles McKay, dean of UHCL's School of Natural and Applied Sciences. On April 17, 2000, McKay advised Lubertino that she had not been selected by the hiring committee.

On May 25, 2000, Sanchez informed Lubertino that her employment as a post-doctoral research fellow would be terminated effective August 31, 2000. Lubertino immediately informed Justice that she believed her termination was a retaliatory

strike for reporting hiring violations. On May 26, 2000, Justice denied Lubertino's allegation, and told her the dismissal resulted from a lack of UHCL funds. On July 24, 2000, Lubertino gave formal written notice of her whistleblower claim to UHCL. In the notice, Lubertino requested a grievance hearing from UHCL and UHCL procedural guidelines governing her grievance. UHCL complied with Lubertino's request for a specific grievance form, which she completed and submitted to UHCL on August 10, 2000. The UHCL grievance committee rejected Lubertino's claim on February 8, 2001.

On August 25, 2000, 15 days after she submitted her grievance form, Lubertino filed suit against UHCL. Lubertino alleged that UHCL violated the Texas Whistleblower Act[2] by terminating her employment because she had reported in good faith what she believed to be violations of immigration law and UHCL policy. UHCL challenged the trial court's jurisdiction by filing a plea to the jurisdiction, which the trial court denied on September 13, 2001. The trial court's order denying the plea stated that UHCL's arguments were properly brought by a motion for summary judgment, not a plea to the jurisdiction. After UHCL filed this appeal, we granted UHCL's motion to abate pending the outcome of UHCL's motion for summary judgment. On February 18, 2002, the trial court denied UHCL's motion for summary judgment, and we reinstated the appeal.

## Law and Analysis

### A. Can UHCL Pursue an Interlocutory Appeal?

█ Lubertino argues that the failure to initiate a grievance timely under section

---

1. A governmental unit may appeal an interlocutory order that grants or denies a plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2002).

2. *See* TEX. GOV'T.CODE ANN. §§ 554.001–554.010 (Vernon 1994 & Supp.2002).

554.006 of the Whistleblower Act[3] is not jurisdictional and can only be raised by motion for summary judgment. Lubertino requests that we dismiss UHCL's appeal for lack of jurisdiction because we have no jurisdiction over the denial of UHCL's summary judgment motion. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a). This Court has recently held, however, that the limitations provisions of the Whistleblower Act are jurisdictional. *Texas Southern Univ. v. Carter,* 84 S.W.3d 787, 789 (Tex App.-Houston [1st Dist.] 2002, no pet.). Because UHCL properly challenged the trial court's jurisdiction by filing its plea to the jurisdiction, this Court has jurisdiction to consider UHCL's appeal pursuant to section 51.014(a)(8) of the Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8).

## B. Did Lubertino adhere to the limitations provisions of the Whistleblower Act?

■ Because the limitations provisions of the Whistleblower Act are jurisdictional,

plaintiffs must adhere to them to confer jurisdiction upon a trial court. *See, e.g., City of San Antonio v. Marin,* 19 S.W.3d 438, 439 (Tex.App.-San Antonio 2000, no writ). UHCL contends Lubertino failed to comply with the limitations provisions of the Act[4] which deprived the trial court of jurisdiction over her suit. In this appeal, UHCL has conceded that Lubertino initiated her grievance procedure on May 25, 2000, the date she was informed she would be terminated. Thus, we must determine whether Lubertino violated section 554.006 of the Whistleblower Act when she filed suit against UHCL on August 25, 2000. If so, the trial court had no jurisdiction over Lubertino's suit.

Under section 554.006, if the governmental entity has not rendered a final decision before the 61st day after the date grievance procedures are initiated, then an employee may elect to either exhaust or terminate his or her grievance before filing suit. TEX. GOV'T CODE ANN. § 554.006(d).

---

3. *See* TEX. GOV'T CODE ANN § 554.006 (Vernon Supp.2002).

4. The Whistleblower Act provides the following limitations provisions:

(a) A public employee must initiate action under the grievance or appeal procedures of the employing state or local government entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter.

(b) The employee must invoke the applicable grievance or appeal procedures not later than the 90th day after the date on which the alleged violation of this chapter:

(1) occurred; or

(2) was discovered by the employee through reasonable diligence.

(c) Time used by the employee in acting under the grievance or appeal procedures is excluded, except as provided by Subsection (d), from the period established by Section 554.005.

(d) If a final decision is not rendered before the 61st day after the date procedures are initiated under Subsection (a), the employee may elect to:

(1) exhaust the applicable procedures under Subsection (a), in which event the employee must sue not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter; or

(2) terminate procedures under Subsection (a), in which event the employee must sue within the time remaining under Section 554.005 to obtain relief under this chapter.

TEX. GOV'T CODE ANN. § 554.006 (Vernon Supp. 2002).

Except as provided by Section 554.006, a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter:

(1) occurred; or

(2) was discovered by the employee through reasonable diligence.

TEX. GOV'T CODE ANN. § 554.005 (Vernon Supp. 2002).

If an employee elects to exhaust, then suit cannot be filed later than the 30th day after exhaustion. *Id.*

■ In this case, Lubertino did not comply with the limitations provisions in section 554.006. Lubertino elected to exhaust the grievance procedures when she submitted a formal grievance complaint 77 days after initiating her grievance. Once Lubertino elected to exhaust her grievance, she could not file suit before exhaustion unless she made an election to terminate her grievance. However, Lubertino never elected to terminate her grievance, but instead attempted to pursue her grievance and lawsuit simultaneously. Because section 554.006 expressly forbids such simultaneous actions, Lubertino did not comply with the limitations provisions of the Act.

Lubertino contends an employee under section 554.006 need not elect between exhaustion and termination. Section 554.006 states, "If a final decision is not rendered before the 61st day ... the employee *may* elect to ... exhaust ... or ... terminate procedures." *Id.* (Emphasis added). Because the legislature chose to use the word "may," Lubertino argues that an election is not mandatory and that she was free to file suit at any time beyond the 60-day waiting period.

■ Lubertino's argument fails to give effect to the legislative intent behind section 554.006. Although we must, when possible, discern legislative intent from the plain meaning of the words used in the statute, we may not so rigidly interpret a statute so as to render certain sections of that statute mere surplusage. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987). Additionally, in determining legislative intent, we must examine the statute as a whole, and not consider provisions in isolation. *See id.*

Section 554.006 was amended in 1995. The former version of section 554.006 required an employee to exhaust any applicable grievance procedures before filing suit. *See* Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 610 (amended 1995) (current version at Tex. Gov't Code Ann. § 554.006 (Vernon Supp.2002)). The former version also provided, in subsection (d), that section 554.006 did not apply "if a final decision is not rendered before the 31st day after the ... employee initiated the grievance or appeal." *See id.* The 1995 amendments extended the 30-day waiting period to 60 days. Tex. Gov't Code Ann. § 554.006(d). In addition, and most importantly for our analysis, the amendments added the election provision to subsection (d), which allow an employee to either exhaust or terminate his or her grievance before filing suit. Both of these amendments were enacted to facilitate the original purpose behind section 554.006: to afford an accused employer the opportunity to correct its errors by resolving disputes before being subjected to litigation. *See Marin,* 19 S.W.3d at 441 (citing *Gregg County v. Farrar,* 933 S.W.2d 769, 776 (Tex.App.-Austin 1996, no writ)).

Lubertino asks us to adopt an interpretation of section 554.006 that would render the election provision in subsection (d) meaningless. It is unlikely that many employees will elect between administrative and legal remedies if both are available. That the Legislature amended section 554.006(d) to include an election provision displays its intent to force employees to elect a course of action after the 60-day waiting period expires. This amendment fulfills the purpose behind section 554.006, and allows employers further opportunities to correct their errors before being subjected to the expense and effort of litigation. To take the Legislature's inclusion of an election provision to mean that an employee may elect not to elect between administrative and legal remedies is coun-

terintuitive at best and would render the election provision superfluous while abdicating the purpose of section 554.006. *See, e.g., Marin,* 19 S.W.3d at 441.

█ We will not decide the scope or meaning of statutory language by a bloodless literalism in which text is viewed as if it had no context. *West Anderson Plaza v. Feyznia,* 876 S.W.2d 528, 532 (Tex.App.-Austin 1994, no writ). The Legislature amended section 554.006(d) by adding an election provision. We cannot presume the Legislature enacted this provision with the intent or expectation that employees be free to ignore it. Thus, Lubertino did not comply with section 554.006(d) when she elected to exhaust her administrative remedy and filed suit before exhaustion.

### Conclusion

Because Lubertino failed to satisfy the mandatory statutory prerequisites to filing suit under the Whistleblower Act, the trial court lacked jurisdiction over her case. Accordingly, we reverse the trial court's order and render judgment that this case be dismissed for lack of jurisdiction.