112 S.W.3d 815 (2003)
THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON d/b/a John Sealy Hospital ("UTMB"), Appellant,
v.
Kevin BARRETT, M.D., Appellee.
No. 14-01-00529-CV.
Court of Appeals of Texas, Houston (14th Dist.).
July 31, 2003.
*816 Merle Hoffman Dover, Austin, for appellants.
Mark W. Stevens, Galveston, for appellees.
Before the court en banc.

EN BANC MAJORITY OPINION ON REHEARING
SCOTT BRISTER, Chief Justice.
Kevin Barrett, M.D. sued his employer, the University of Texas Medical Branch at Galveston (UTMB) alleging violations of the Texas Whistleblower Act.[1] The Act required Dr. Barrett to initiate a grievance before filing suit.[2] In a prior interlocutory appeal, we found there was some evidence he did, albeit imperfectly.[3]
The Act also required Dr. Barrett to wait 60 days after filing his grievance before filing a lawsuit.[4] It is undisputed he did not, waiting only 27 days. UTMB has again filed an interlocutory appeal, arguing the trial court should have dismissed the case for lack of subject-matter jurisdiction because of the premature filing.[5] A panel of this Court agreed.[6] We granted Dr. Barrett's motion for rehearing en banc, and now reach the opposite conclusion for the reasons set out below. Accordingly, we withdraw our opinion of December 12, 2002, and issue the following as the opinion of the Court en banc.
*817 First, section 554.0035 of the Whistleblower Act, entitled "Waiver of Immunity," is unconditional:
A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.
This is all the Whistleblower Act says about sovereign immunity; there are no other conditions.[7] Applying the proper standard of review,[8] we cannot add conditions when the Legislature did not. A plain reading of the provision shows it is not "narrowly tailored";[9] it fits all claims alleged under the chapterbig or little, early or late. Because Dr. Barrett alleged a violation and sought relief allowed by the Act, sovereign immunity was waived.
Second, it is clear that every deadline and procedure found throughout the Act is not jurisdictional. For example, the Act contains its own venue provision,[10] which the Texas Supreme Court has held is not jurisdictional.[11] In University of Houston v. Elthon,[12] we held the Act's limitations provision (requiring suit within 90 days of a violation) is a plea in bar that must be raised by motion for summary judgment, not by a plea to the jurisdiction.[13] If a claimant must meet every prerequisite in the Act before sovereign immunity is waived, these cases cannot be correct.
Third, in Essenburg v. Dallas County,[14] the Texas Supreme Court drew a distinction between "exhaustion" and "presentment" statutes:
 statutes requiring exhaustion of administrative remedies confer primary jurisdiction upon an administrative agency; failure to comply requires dismissal for want of jurisdiction.
 statutes requiring presentment give a governmental defendant notice and an opportunity to settle claims without litigation; failure to comply requires only an abatement.[15]
As we have recognized before (including the first appeal in this case), the Whistleblower Act (1) does not require claimants to exhaust grievance procedures, and (2) was enacted to give government entities an opportunity to settle claims before litigation.[16] *818 It does not involve an administrative agency with primary jurisdiction to adjudicate specialized disputes (the "hallmark of a jurisdictional statute," according to the Texas Supreme Court[17]). Thus, the Act's 60-day waiting period can only fall in Essenburg's "presentment" category.[18]
Our dissenting colleagues correctly point out that the Act does not mention abatement. But of course it does not mention dismissal for want of jurisdiction, either. The statute simply does not say what penalty applies to suits filed too early. But as noted above, Essenburg does.
Everyone agrees the purpose of the Whistleblower Act's 60-day waiting period is to encourage parties to resolve disputes short of litigation. Abatement ensures the parties have that window of opportunity.[19] Dismissal merely ensures they go awayusually permanently, as the Act's very short limitations deadlines will pass before most jurisdictional pleas can be filed and heard.
Like mandatory notice requirements in the Texas Deceptive Trade Practices Act[20] and the Medical Liability and Insurance Improvement Act article 4590i,[21] noncompliance with the Whistleblower Act's 60-day waiting period requires abatement instead of dismissal if a claimant jumps the gun. Thus, when Dr. Barrett did so, abatement was the proper remedy to allow UTMB to investigate and try to settle the claim. Because six years have passed since he filed suit, UTMB has had more than a fair opportunity to do so; neither dismissal nor abatement is warranted.[22]
Several intermediate appellate courts have stated that an employee's failure to initiate a grievance is a jurisdictional defect.[23] Pursuant to the Act, an employee *819 must initiate a grievance before filing suit:
A public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter.[24]
But again, this mandatory section does not say what the consequences are if an employee fails to comply. No court has explained why a grievance could not be ordered during an abatement, or why the grievance requirement in section 554.006 limits the unconditional waiver of immunity in section 554.0035, when neither section says so. Accordingly, we disapprove of any language in our previous cases suggesting noncompliance is jurisdictional.
We also recognize the Fourth Court of Appeals has held that failure to wait 60 days before filing suit is jurisdictional.[25] The 60-day provision is stated in terms that are elective, not mandatory:
If a final decision is not rendered before the 61st day after the date procedures are initiated under Subsection (a), the employee may elect to: (1) exhaust the applicable procedures under Subsection (a), in which event the employee must sue not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter; or (2) terminate procedures under Subsection (a), in which event the employee must sue within the time remaining under Section 554.005 to obtain relief under this chapter.[26]
Again, there is nothing here to suggest sovereign immunity is waived only after the stated deadline, or that subject-matter jurisdiction suddenly pops into existence at that point. And unlike section 554.006(a), this section does not even state that an employee "must" wait until the deadline passes to sue.[27] Accordingly, we respectfully decline to follow Marin.
A few final words about dictumobiter or otherwise. The rule stated in this opinion is: filing too early is not jurisdictional, but requires abatement unless waived by delay. Subject-matter jurisdiction, of course, cannot be waived.[28] By deciding this case based on waiver, it is hard to see why our jurisdictional conclusion is unnecessary.
Undoubtedly, the State may place conditions on its consent to be sued, but it did not do so here. The deadlines in the Whistleblower Act have important purposes, but there is no indication those include tossing whistleblowers out of court permanently if they file suit too early. Though compliance with the Act's 60-day waiting period is mandatory, noncompliance should result in abatement (if timely raised), not dismissal for want of subjectmatter jurisdiction. Accordingly, we grant *820 Dr. Barrett's motion for rehearing en banc, and affirm the trial court's order.
En Banc Majority Opinion delivered by Chief Justice BRISTER and Joined by Justices HUDSON, FOWLER, EDELMAN, FROST and GUZMAN.
En Banc Dissenting Opinion filed by Justice ANDERSON and joined by Justice SEYMORE.
Justice YATES also filed an En Banc Dissenting Opinion.
JOHN S. ANDERSON, Justice, dissenting on Rehearing En Banc.
Now we are engaged in a great struggle to determine whether the Whistleblower Act, clearly formed and narrowly tailored to waive sovereign immunity only when strictly followed, can long endure as originally conceived. Because the majority adds new terms to an unambiguous statute, I respectfully dissent. But first, the question squarely presented: is this en banc exercise required by the rules of appellate procedure?

WHERE IS THE CONFLICT?
The original panel opinion in this case has been withdrawn by the majority without any explication of the basis for that action pursuant to Rule 41.2(c) of the Rules of Appellate Procedure. Tex.R.App. P. 41.2(c). Rule 41.2(c) sets out the circumstances under which this court may hear a case en banc:
En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.
TEX.R.APP. P. 41.2(c).
The rule is clear. There are only two bases on which to grant en banc review. Because the majority has neither identified a conflict in our jurisprudence regarding the Whistleblower Act nor articulated extraordinary circumstances requiring full court review, en banc review is not warranted here. If this court does not follow the Rules of Appellate Procedure, this failure undermines the legitimacy of our en banc opinions by suggesting there are other, unstated, bases, for engaging in full court review, and withdrawing the panel opinion.

OVERVIEW
This case involves the Whistleblower Act, which provides a waiver of sovereign immunity, to the extent of liability for the relief allowed under the Act, when a party seeks redress for retaliatory measures taken by a governmental entity. Tex. Gov't Code Ann. § 554.0035 (Vernon Supp.2003). The sole issue presented here is whether failure to comply with the steps mandated by the Legislature in Texas Government Code section 554.006which failure is the filing of suit before the expiration of 60 days following the date of initiation of grievance proceduresdeprives a trial court of jurisdiction to hear the employee's suit, or merely requires the trial court to abate the suit during the required period. All members of this court agree the 60-day waiting period in section 554.006(d) is mandatory, leaving in dispute only the question of the consequence of failure to comply with that requirement. I would follow the plain language of the Act. "If a final decision [under the grievance or appeal procedures] is not rendered before the 61st day after the date procedures are initiated," the employee may elect to exhaust the applicable procedures and file suit, or terminate the grievance or appeal procedures and sue promptly. See TEX. GOV'T CODE ANN. § 554.006(d) (Vernon Supp.2003). And I would hold those provisions *821 to be jurisdictional prerequisites to the initiation of litigation against the sovereign. All Texas courts that have addressed this precise issue have held that the 60-day waiting period is a jurisdictional prerequisite to filing suit. However, ignoring this authority, the majority amends the Act to include an abatement provision, in derogation of the statutory language. This court may interpret statutes, but it may not amend them.
Applying the language chosen by the Legislature in the Act to the facts sub judice, I would hold that the trial court lacked jurisdiction over Barrett's premature filing of his suit before expiration of 60 days following the initiation of action under the grievance procedures.

I. STANDARD OF REVIEWSTATUTORY CONSTRUCTION
The Whistleblower Act provides for a limited waiver of immunity from liability and immunity from suit. Over 150 years ago the supreme court held "[a] state cannot be sued in her own courts without her own consent, and then, only in the manner indicated by that consent." Hosner v. DeYoung, 1 Tex. 764 (1847). Because a state may withhold its consent entirely, it may impose such conditions and limitations on its consent to be sued as it may deem desirable. Hardt v. Tex. Dept. of Corrections, 530 S.W.2d 897, 898 (Tex.Civ.App.-Austin 1975, no writ). A grant of consent to sue the state, being in derogation of sovereignty, must be strictly construed. Buchanan v. State, 89 S.W.2d 239, 239 (Tex.Civ.App.-Amarillo 1935, writ ref'd). Conditions and limitations imposed therein are jurisdictional facts, and there must be full compliance with them. State v. Isbell, 127 Tex. 399, 94 S.W.2d 423, 424 (Tex. 1936). When courts stray from the plain language of a statute, they risk encroaching on the Legislature's function to decide what the law should be. Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 866 (Tex.1999). When suit is based entirely on a statutory cause of action arising under a statute, the statutory provisions are mandatory and exclusive and must be followed or the action is not maintainable because of a lack of jurisdiction. Green v. Aluminum Co. of Am., 760 S.W.2d 378, 380 (Tex.App.-Austin 1988, no writ).
The foregoing standard of review for construing statutes waiving sovereign immunity is essential. W. Wendell Hall has eloquently articulated the bases for including the standard of review in every opinion:
"Standards of review distribute power within the judicial branch by defining the relationship between trial and appellate courts. These standards frame the issues, define the depth of review, assign power among judicial actors, and declare the proper materials to review. Standards of review also define the parameters of a reviewing court's authority in determining whether a trial court erred and whether the error warrants reversal. Standards of review are simply the appellate court's measuring stick.... Standards of review were never meant to be the end of the inquiry but rather a frame and limit on the substantive law." (footnotes and internal quotation marks omitted)
W. Wendell Hall, Standards of Review in Texas, 34 St. Mary's L.J. 1, 8 (2002).
The Majority concedes that statutes waiving sovereign immunity are strictly construed, citing Brainard v. State, 12 S.W.3d 6, 28 (Tex.1999). Nevertheless, the guiding hand of the standard of review seems to be window dressing for the Majority, and not the "court's measuring stick."

*822 II. ABATEMENT IS ILLEGITIMATE
The majority has peered into the penumbra of section 554.006 of the Whistleblower Act and discerned, within that murky haze, a remedy for litigants unwilling to engage in the appropriate grievance or appeal procedures for the required 60 days. This miracle remedy is abatement of the action to preserve jurisdiction, even though the clear language of the Act lacks even the slightest hint of that concept. The majority's act of creating the right of abatement in this statute is an ad hoc rule of construction. This approach is wrong. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. Fitzgerald, 996 S.W.2d at 865. The majority's search for new meaning in this unambiguous statute is illegitimate. "When the purpose of a legislative enactment is obvious from the language of the law itself, there is nothing left to construction. In such case it is vain to ask the courts to attempt to liberate an invisible spirit, supposed to live concealed within the body of the law." Dodson v. Bunton, 81 Tex. 655, 17 S.W. 507, 508 (Tex.1891). The clear language of this Actrequiring grievance procedures to precede litigationcannot be rewritten under the guise of statutory construction to achieve a result obviously not intended by the legislature.
Here, the majority has ignored the plain language of the statute to liberate the invisible spirit of abatement purportedly lurking within the Act. Such practice usurps the function of the Legislature to decide what the law should be. Fitzgerald, 996 S.W.2d at 866. Indeed, the majority states "[w]e cannot add conditions where the Legislature did not," but then proceeds to do just that by engrafting abatement onto the Whistleblower Act.

III. OTHER SIMILAR AND DISSIMILAR STATUTES
A. Similar Statutes
In construing a statute, courts may consider other statutes on the same or similar subject. Tex. Co. v. Schriewer, 38 S.W.2d 141, 143 (Tex.Civ.App.-Waco 1931), aff'd in part, ref'd in part on other grounds, 53 S.W.2d 774 (Tex. Comm.App.1932, holding approved). The court in Schroeder v. Texas Iron Works, Inc., addressed the requirements of the Commission on Human Rights Act,[1] which contained a provision permitting a person aggrieved by an unlawful employment practice to file a complaint with the Commission. 813 S.W.2d 483, 486 (Tex.1991). Following the completion of Commission action on the complaint, the complainant may obtain authorization from the Commission to file a civil action against the respondent. Id.
The supreme court held exhaustion of administrative remedies to be a mandatory prerequisite to filing a civil action alleging violations of that Act. Id. at 488. An employee's failure to file a complaint with the Commission and pursue his administrative remedies there creates a jurisdictional bar to his discrimination suit. Id. Because the statute does not give an unconditional private right of action, the suit is based entirely on the statute and the statutory provisions are, therefore, mandatory and exclusive and must be followed or the action is not maintainable because of a lack of jurisdiction. Id.
The Whistleblower Act serves a different purposeit protects employees of governmental entities from improper dischargebut *823 it, too, has preliminary procedures the employee must follow in order to invoke the court's jurisdiction. The majority's cavalier application of abatement here is logically inconsistent with the supreme court's analysis of the predecessor statute to the present Texas Commission on Human Rights Act. If abatement was not proper there, what circumstances make it applicable here? The majority does not address that issue, choosing instead sua sponte to impose an abatement requirement.
B. Dissimilar Statutes
The majority cites the Deceptive Trade Practices Act and Medical Liability and Insurance Improvement Act, both of which permit abatement. But those Acts are not statutes waiving sovereign immunity, which are subject to much more strict interpretation.[2] And application of Hines v. Hash,[3] cited by the majority, to support transplantation of abatement into the Whilstleblower Act would vitiate part of that Act.
Unfortunately for the majority's proposed use of abatement, the Code Construction Act requires a court construing a statute to presume that the entire statute is intended to be effective. Tex. Gov't Code Ann. § 311.021(2) (Vernon 1998); Indus. Accident Bd. v. Martinez, 836 S.W.2d 330, 333 (Tex.App.-Houston[14th Dist.] 1992, no writ). The application of abatement in accordance with the rules prescribed in Hines renders the election in section 554.006(d) meaningless.
The Hines court held that abatement was proper in DTPA suits where the statutory notice had not been earlier given. This abatement is proper only if the defendant makes a timely request for such relief. 843 S.W.2d at 469. But a defendant who fails to make a timely request for abatement waives his objection to the lack of notice. Id. Consequently, where the defendant's delay in requesting abatement results in waiver of lack of notice, the plaintiff's case proceeds during what should have been the notice period. Id.
The Hines abatement rule, however, can defeat the section 554.006(d) election provision. Under that provision, grievance or appeal procedures must proceed for 60 days, following which the employee may elect to either continue the grievance procedures, or file suit. But the statute does not contemplate a plaintiff pursuing grievance procedures and a lawsuit simultaneously. Univ. of Houston Sys. v. Lubertino, 95 S.W.3d 423, 427 (Tex.App.-Houston [1st Dist.] 2002, no pet. h.). If the rule in Hines is applied to the Whistleblower Act, permitting initiation of grievance procedures and the filing of a suit before the 61st day absent a timely request for abatement, the election provision in section 554.006(d) would be rendered meaningless. Id. Indeed, if employees can pursue grievance procedures and legal remedies simultaneously, the grievance procedures will be vitiated.[4]

*824 IV. OBITER SICTA IS NOT BINDING PRECEDENT
The majority's abatement concept here is dictum. The majority states "[b]ecause six years have passed since he filed suit, UTMB has had more than a fair opportunity to [settle Barrett's claim]; neither dismissal nor abatement is warranted." So abatement does not apply to this case, just to all future cases. Thus, while interesting, abatement is not necessary to the determination of UTMB's appeal here.
Dictum is an observation or remark made concerning some rule, principle, or application of law suggested in a particular case, which observation or remark is not necessary to the determination of the case. Edwards v. Kaye, 9 S.W.3d 310, 314 (Tex. App.-Houston [14th Dist.] 1999, pet denied). Dictum is not binding as precedent under stare decisis. Id. Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication. Black's Law Dictionary 409 (5th ed.1999). First, the observations by the majority regarding abatement in prematurely filed suits in Whistleblower Act cases are not necessary to the determination of this case, and indeed are a mere recommendation (majority opinion stating "noncompliance [with section 554.006(d)] should result in abatement").[5] (emphasis added). A fortiori, those observations are dictum, and are not binding on this court.
Second, those observations are not judicial dictum. Judicial dictum is a statement by the supreme court made very deliberately after mature consideration and for future guidance in the conduct of litigation, and it is at least persuasive and should be followed unless found to be erroneous. Id. Thus, because the majority's abatement observations are solely dictum and not judicial dictum, they have no precedential value.

V. Essenburg and ELTHONWHAT DO THEY REALLY SAY?
A. Essenburg v. Dallas County
The majority disagrees with my jurisdictional analysis of the Whistleblower Act and asserts that the Act is merely a presentment statute, not an exhaustion of administrative remedies statute. In support, the majority cites Essenburg v. Dallas County, 988 S.W.2d 188 (Tex.1998). In Essenburg, the supreme court held section 81.041 of the Texas Local Government Code (the predecessor to section 89.004) contains a presentment requirement, not a jurisdictional exhaustion requirement. Id. at 189. Thus, as a presentment, or notice, statute section 89.004 is not jurisdictional. Id. Importantly, however, the Essenburg court observed "[t]he presentment requirement... is not analogous to the exhaustion of administrative remedies requirement." Id. Indeed, the presentment requirement in section 89.004 is not jurisdictional, but merely a notice requirement. Travis County v. Pelzel, 77 S.W.3d 246, 249 (Tex.2002). In contrast, the notice requirement in the Whistleblower Act is jurisdictional. Tex. S. Univ. v. Carter, 84 S.W.3d 787, 792 (Tex.App.-Houston [1st Dist.] 2002, no pet.). This distinction vitiates any application of Essenburg here.
The unambiguous language of the Whistleblower Act specifically provides that a public employee alleging a violation of the statute may sue the employing state or local governmental entity for relief after he has exhausted the applicable grievance procedures, or after the sixtieth day if a final decision is not rendered by the governmental *825 agency. TEX. GOV'T CODE ANN. § 554.006(d) (Vernon Supp.2003) (emphasis added). The Act states that sovereign immunity is waived and abolished to the extent of liability for the relief allowed for a violation of the Act. Id. § 554.0035.
In contrast, the statute examined in Essenburg did not clearly and unambiguously waive immunity from suit for a claim against a county. See Pelzel, 77 S.W.3d at 249. A claimant under section 89.004 has no statutory right to bring a suit for a money claim against a county. Id. at 251. Thus, because questions of jurisdiction are not relevant to an analysis of section 89.004, the inquiry is restricted to presentment questions only. In sum, Essenburg and Pelzel address a statute requiring presentment for the purpose of notifying a government entity of a claim, not a statute permitting suit against a government entity.[6] In contrast, sections 554.0035 and 554.006 of the Government Code permit litigation. The majority's attempted reclassification of the Whistleblower Act's prerequisites as non-jurisdictional presentment requirements is frivolous because that Act waives sovereign immunity from suits and liability, unlike the statute in Essenburg. It should be clear that statutes waiving immunity from suit and liability are qualitatively different from statutes permitting the claimant to present a claim only, and nothing more. Essenburg's analysis of a presentment statute has no application to a statute waiving sovereign immunity.
B. University of Houston v. Elthon
The majority believes University of Houston v. Elthon stands as this court's refusal to convert the procedural requirements found in the Act into conditions on the waiver of sovereign immunity. See 9 S.W.3d 351 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.). No other court has ever cited Elthon for that proposition. I will explain.
The Elthon court first held that Dr. Elthon had initiated grievance procedures under the employing state entity, thus complying with section 554.006(a) of the Act. Id. at 356. Next, the court considered appellant's claim Dr. Elthon had not timely initiated action under the grievance procedures before initiating litigation. The reference to "timely" logically must be a reference to the 90-day limitation period for initiating a grievance in section 554.006(b).
In addressing the second point of error, this court merely held that the University had challenged the timeliness of the initiation of the grievance procedures with the wrong pleading. The University had presented the trial court with the issue of noncompliance with the 90-day requirement in section 554.006(a)-(b) by a plea to the jurisdiction based on limitations. But the Elthon court held that, because the defense of limitations under the Act is often raised by a motion for summary judgment, those limitations provisions cannot be the basis of a plea to the jurisdiction.[7] However, the Elthon court reached this conclusion without addressing whether the 90-day requirement in section 554.006(a)-(b) is, or is not, jurisdictional. In contrast, other Texas courts addressing this question hold it is a limitations provision, but it is also *826 jurisdictional. See Tex. Bd. of Pardons and Paroles v. Feinblatt, 82 S.W.3d 513, 522 (Tex.App.-Austin 2002, pet. denied). Elthon provides no basis for a decision here, and the majority's reliance on it is misplaced.

VI. THE MAJORITY'S VIEW IS AN ANOMALY IN TEXAS JURISPRUDENCE
The question of the effect of the failure of an aggrieved employee of a state entity to comply with the 60-day waiting period required by section 554.006(d) of the Whistleblower Act has been addressed by other intermediate courts of appeals in this state, and all who have addressed this precise point have held the prerequisites of the Act to be jurisdictional.
In Lubertino, the court held that Lubertino's election to exhaust her grievance procedures and file suit before such exhaustion, thereby failing to comply with section 554.006(d), deprived the trial court of jurisdiction. 95 S.W.3d at 428.
In City of San Antonio v. Marin, the court held that failure to comply with section 554.006(d) deprives the trial court of subject matter jurisdiction. 19 S.W.3d 438, 442 (Tex.App.-San Antonio 2000, no pet.).
In Fort Bend Indep. Sch. Dist. v. Rivera, the majority affirmed a denial of a plea to the jurisdiction where the plaintiff, bringing a Whistleblower claim, initiated a grievance procedure and waited at least 60 days before filing suit, thus satisfying the requirements under the Act for filing a suit. 93 S.W.3d 315, 322 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The majority opinion did not address the question of whether the failure to wait 60 days before filing suit deprives the trial court of jurisdiction. Nevertheless, the concurring opinion treated the majority opinion as if it had held that the 60-day waiting period was jurisdictional, stating "treating this issue as jurisdictional defeats the Legislature's purpose." Id. at 323. (Brister, C.J., concurring)
In Castleberry Indep. Sch. Dist. v. Doe, the court, interpreting section 554.006(d), held the proper procedure prior to filing a suit under the Whistleblower Act is to initiate the grievance procedures, wait 60 days, and then suit may be filed but only after allowing the employer this time. 35 S.W.3d 777, 781 (Tex.App.-Fort Worth 2001, pet. dism'd w.o.j.).
That appellate courts, including this court, reach a conclusion different from the majority does not make the majority wrong. It does, however, bring into question whether the majority's suggestion regarding the availability of abatement in a Whistleblower suit is firmly founded.

VII. CONCLUSION
I cannot say that the majority's suggestion of the use of abatement in prematurely filed Whistleblower suits is ill-conceived. The problem is, it is just wrong because it is not authorized by the statute. This court should not inject "judicial inspiration" to achieve even a laudable result unavailable under a literal reading of the Act. If abatement is proper for premature suits under that Act, it is up to the Legislature, not this court, to change the law. Moreover, the statements by the majority regarding abatement in the context of this case are non-binding dictum, and this court is free to continue following the well reasoned decisions by the intermediate appellate courts which hold the 60-day waiting period in section 554.006(d) of the Act is jurisdictional.
Accordingly, I would reverse the trial court's judgment and render judgment granting UTMB's plea to the jurisdiction. See Univ. of Tex. Med. Branch v. Mullins, *827 57 S.W.3d 653, 657 (Tex.App.-Houston [14th Dist.] 2001, no pet.).
LESLIE BROCK YATES, Justice, dissenting on Rehearing En Banc.
For the reasons expressed in Texas Southern University v. Carter, 84 S.W.3d 787 (Tex.App.-Houston [1st Dist.] 2002, no pet.) and in City of San Antonio v. Marin, 19 S.W.3d 438 (Tex.App.-San Antonio 2000, no pet.), I respectfully disagree with the majority's conclusion that the statutory prerequisites for filing suit under the Whistleblower Act are not jurisdictional.
NOTES
[1] See Tex. Gov't Code § 554.001-.010.
[2] See § 554.006(a).
[3] See Barrett v. The Univ. of Tex. Med. Branch at Galveston, No. 14-01-00529-CV, 1999 WL 233341 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (not designated for publication).
[4] See Tex. Gov't Code § 554.006(d).
[5] See TEX. CIV. PRAC. & REM.CODE § 51.014(a)(8) (allowing interlocutory appeal if trial court denies plea to the jurisdiction by governmental unit).
[6] See Univ. of Tex. Med. Branch at Galveston v. Barrett, No. 14-01-00529-CV, 2002 WL 31769264 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (not designated for publication).
[7] The "to the extent" clause limits damages to those allowed by the Act. See Tex. Gov't Code § 554.003 (capping recovery of nonpecuniary losses and barring punitive damages).
[8] Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. See Texas Natural Resource Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.2002). Statutes waiving sovereign immunity are strictly construed. See Brainard v. State, 12 S.W.3d 6, 28 (Tex.1999). We construe a statute to give effect to legislative intent, based on the actual language used. See Am. Home Prods. Corp. v. Clark, 38 S.W.3d 92, 95 (Tex.2000).
[9] Post at 820.
[10] See Tex. Gov't Code § 554.007.
[11] See Wichita County, Tex. v. Hart, 917 S.W.2d 779, 783 (Tex.1996).
[12] 9 S.W.3d 351 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.).
[13] Id. at 356; see also Tex. Gov't Code § 554.005; accord, Tex. Dept. of Mental Health and Mental Retardation v. Olofsson, 59 S.W.3d 831, 833 (Tex.App.-Austin 2001, no pet.); Castleberry Indep. Sch. Dist. v. Doe, 35 S.W.3d 777, 782 (Tex.App.-Fort Worth 2001, pet. dism'd w.o.j.). Contra, Tex. S. Univ. v. Carter, 84 S.W.3d 787, 791-92 (Tex.App.-Houston [1st Dist.] 2002, no pet.).
[14] 988 S.W.2d 188 (Tex.1998) (per curiam).
[15] Id. at 189.
[16] See Fort Bend Indep. Sch. Dist. v. Rivera, 93 S.W.3d 315, 319 (Tex.App.-Houston [14th Dist.] 2002, no pet.); Barrett, 1999 WL 233341, at *4.
[17] Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 249 (Tex.2002).
[18] Our dissenting colleagues say this is an "exhaustion" statute because sovereign immunity is involved. They appear to be the first to add this qualifier to the Essenburg criteria. By relying on Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483 (Tex.1991), a case involving an exhaustion statute, they again appear to miss the distinctions that Essenburg requires.
[19] Our dissenting colleagues are correct that if a governmental entity does not move for abatement of a prematurely filed suit, it will not be abated. As long as they are not jurisdictional, parties may agree to waive their procedural rights. See, e.g., In re Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex.1998) (holding party may waive right to arbitration by substantially invoking judicial process to opponent's detriment).
[20] See Hines v. Hash, 843 S.W.2d 464, 468 (Tex.1992) (holding failure to comply with 30-day pre-suit notice provision in DTPA required abatement rather than dismissal). Our dissenting colleagues are incorrect that Hines is distinguishable because the DTPA has the word "abatement" in the statutethe word was added in 1995 to conform the statute to the Hines holding from three years earlier. See Act of Sept. 1, 1995, 74th Leg., R.S., ch. 414, § 6, 1995 Tex. Gen. Laws 2993.
[21] See Schepps v. Presbyterian Hosp. of Dallas, 652 S.W.2d 934, 938 (Tex.1983) (holding failure to comply with 60-day pre-suit notice provision in article 4590i required abatement rather than dismissal).
[22] See Hines, 843 S.W.2d at 468 (holding defendant waives abatement unless requested very soon after answer).
[23] See, e.g., City of Weatherford v. Catron, 83 S.W.3d 261, 266 (Tex.App.-Fort Worth 2002, no pet.); Carter, 84 S.W.3d at 791-92; Johnson v. The City of Dublin, 46 S.W.3d 401, 405 (Tex.App.-Eastland 2001, pet. denied); Gregg County v. Farrar, 933 S.W.2d 769, 777 (Tex. App.-Austin 1996, writ denied); see also Rivera, 93 S.W.3d at 320 (analyzing grievance requirement as if it were jurisdictional without expressly holding it was).
[24] Tex. Gov't Code § 554.006(a).
[25] See City of San Antonio v. Marin, 19 S.W.3d 438, 441 (Tex.App.-San Antonio 2000, no pet.). It is significant that the City requested abatement in Marin, not dismissal. But because the employees in that case had abandoned their grievance and the American Arbitration Association had closed the file, there was nothing left to abate the case for.
[26] Tex. Gov't Code § 554.006(d) (emphasis added).
[27] In Univ. of Tex. Med. Branch at Galveston v. Hohman, the First Court of Appeals found the trial court had jurisdiction under the Whistleblower Act, even though the facts recited show the employees did not wait 60 days after initiating grievance procedures before filing suit. 6 S.W.3d 767, 774-75 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.).
[28] See Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex.2000).
[1] See Act of June 25, 1983, 68th Leg., 1st C.S., ch. 7, 1983 Tex. Gen. Laws 37 (subsequently amended, repealed and codified, current version at TEX. LAB. CODE ANN. § 21.001-.306 (Vernon 1996 & Supp.2003)).
[2] See part I, Standard of Review, above.
[3] 843 S.W.2d 464 (Tex.1992).
[4] The Hines court held that, when a plaintiff files a DTPA suit, without the notice required under section 17.505 of that statute, the defendant must request an abatement with the filing of an answer or very soon thereafter. 843 S.W.2d at 469. A defendant who fails to make a timely request for abatement must be considered to have waived the objection to the lack of notice. Id. Applying Hines here, an inadvertent state or local government defendant who promptly files a response to a premature suit, such as Barrett's suit in this case, and proceeds with other responses to the lawsuit without requesting abatement, is, under Hines, stuck with the lawsuit and denied the benefits of the grievance or appeal procedures of that entity. What the Legislature has done, this court may not undo.
[5] Majority Opinion, p. 819.
[6] Accord Taub v. Harris County Flood Control Dist., 76 S.W.3d 406, 411 (Tex.App.-Houston [1st Dist.] 2001, no pet.); Gendreau v. Med. Arts Hosp., 54 S.W.3d 877, 879 (Tex.App.-Eastland 2001, pet. denied).
[7] But see Drilltec Tech., Inc. v. Remp, 64 S.W.3d 212, 214 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (holding subject matter jurisdiction can be attacked by plea to the jurisdiction, motion for summary judgment, and special exception, among other means).