NUMBER 13-02-020-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

NATIVIDAD VALENCIA A/K/A “TIVIE” VALENCIA,                  Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
___________________________________________________________________

On appeal from the 103rd District Court
of Cameron County, Texas.
__________________________________________________________________

CONCURRING MEMORANDUM OPINION

Before the Court En Banc on Motion for Rehearing En Banc

Concurring Memorandum Opinion by Justice Castillo

         This case is now before the Court on motion for rehearing en banc. A majority
of the panel denied appellant Natividad Valencia's motion for rehearing. Valencia asks
us to consider en banc the majority's opinion and address: (1) a "bilateral"
requirement in the bribery statute as discussed in the dissenting opinion; and
(2) "relevance versus prejudice" in connection with his assertion of erroneously
admitted hearsay evidence. I agree with the majority's decision to deny rehearing en
banc. I write separately to clarify the criteria applicable to en banc reconsideration. 
         Appellate court panels are essentially three-judge courts. Thompson v. State,
89 S.W.3d 843, 856 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd.) (Jennings, J.,
concurring). En banc review at intermediate appellate courts was instituted to
maintain uniformity of a court's decisions as a single, unitary body, even though the
court may sit in panels. See O'Connor v. First Court of Appeals, 837 S.W.2d 94, 96
(Tex. 1992) (orig. proceeding). Rule 41.2 of the Texas Rules of Appellate Procedure
governs the decision to grant a motion for rehearing by an en banc court: 
En banc consideration of a case is not favored and should not be ordered
unless necessary to secure or maintain uniformity of the court's decisions
or unless extraordinary circumstances require en banc consideration.

Tex. R. App. P. 41.2(c); see also Tex. R. App. P. 49.7. The rule is clear. Univ. of Tex.
Med. Branch v. Barrett, 112 S.W.3d 815, 820 (Tex. App.–Houston [14th Dist.] 2003,
rule 53.7(F) mot. for extension of time filed) (en banc) (Anderson, J., dissenting). 
When there is no conflict among panel decisions, the existence of "extraordinary
circumstances" is required before en banc consideration may be ordered. Thompson,
89 S.W.3d at 856 (Jennings, J., concurring). The standard for en banc consideration
is not whether a majority of the en banc court disagrees with all or a part of a panel
opinion. Id. Neither is an assertion that an issue is "important" sufficient. Id. 
         Thus, there are only two bases on which to grant en banc review: conflict
among panel decisions or "extraordinary circumstances." See Barrett, 112 S.W.3d
at 820 (Anderson, J., dissenting). In his motion for rehearing en banc, Valencia has
neither identified a conflict in our jurisprudence nor articulated extraordinary
circumstances requiring full court review. En banc consideration of this case is not
necessary to secure or maintain uniformity of this Court's decisions. The divided panel
decision does not amount to a conflict in our jurisprudence or an extraordinary
circumstance. The decision was the panel's to make. The issues in this case are
important, but Valencia has not met the criteria imposed by rule 41.2. Tex. R. App.
P. 41.2(c). Therefore, respectfully, I concur with the decision to deny rehearing en
banc. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Concurring Memorandum Opinion delivered 
and filed this 19th day of August, 2004.