

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 18, 2006

The Honorable Geraldine "Tincy" Miller
Chair, State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0444

Re: Whether funds set aside for textbooks may be used for the purchase of computer hardware and other equipment (RQ-0436-GA)

Dear Ms. Miller:

You ask whether funds set aside for public school textbooks may be used for the purchase of computer hardware and other equipment, or whether those funds must be used "exclusively or predominantly for the purpose of conveying curriculum content to students."[1]

Section 31.021 of the Education Code creates the "state textbook fund." TEX. EDUC. CODE ANN. § 31.021 (Vernon 2006). That statute requires the State Board of Education to "annually set aside out of the available school fund of the state an amount sufficient for the board, school districts, and open-enrollment charter schools to purchase and distribute the necessary textbooks for the use of the students of this state for the following school year." Id. § 31.021(b). "Textbook" is defined as "a book, a system of instructional materials, or a combination of a book and supplementary instructional materials that conveys information to the student or otherwise contributes to the learning process, or an electronic textbook." Id. § 31.002(3). An "electronic textbook" is defined as "computer software, interactive videodisc, magnetic media, CD-ROM, computer courseware, on-line services, an electronic medium, or other means of conveying information to the student or otherwise contributing to the learning process through electronic means." Id. § 31.002(1).

Neither the definition of "textbook" nor that of "electronic textbook" indicates that a textbook or an electronic textbook includes hardware or other equipment. Indeed, in the same section of the statute, the terms "hardware" and "equipment" are included within the definition of "technological equipment":

> (4) "Technological equipment" means hardware, a device, or equipment necessary for:

---

[1]Letter from Honorable Geraldine "Tincy" Miller, Chair, State Board of Education, to Honorable Greg Abbott, Attorney General of Texas at 3 (Jan. 27, 2006) (on file with the Opinion Committee, *also available at* http://www .oag.state.tx.us).

> (A) instructional use in the classroom, including to gain access to or enhance the use of an electronic textbook; or
>
> (B) professional use by a classroom teacher.

*Id.* § 31.002(4).

The Texas Supreme Court has held that "it is cardinal law in Texas that a court construes a statute, 'first, by looking at the plain and common meaning of the statute's words.' If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). As the court noted, "'[w]hen the purpose of a legislative enactment is obvious from the language of the law itself, there is nothing left to construction. In such case it is vain to ask the courts to attempt to liberate an invisible spirit, supposed to live concealed within the body of the law.'" *Id.* at 866 (quoting *Dodson v. Bunton*, 17 S.W. 507, 508 (Tex. 1891)).

Section 31.002 of the Education Code is plain and unambiguous on its face. A "textbook," by definition, includes an "electronic textbook." A textbook does not include computer hardware and other equipment, because such hardware and other equipment is separately defined as "technological equipment" in section 31.002. TEX. EDUC. CODE ANN. § 31.002(1), (3)–(4) (Vernon 2006). We conclude that funds set aside for textbooks, including electronic textbooks, must be used exclusively for the purpose of conveying information, including curriculum content, to students, and that such funds may not be used for the purchase of hardware or other equipment defined as "technological equipment."

## S U M M A R Y

Funds set aside for textbooks, including electronic textbooks, must be used exclusively for the purpose of conveying information, including curriculum content, to students, and such funds may not be used for the purchase of hardware or other equipment defined as "technological equipment."

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee