The CITY OF HOUSTON, Appellant,

v.

Anja COTTON, Appellee.

No. 01–00–00480–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 7, 2000.

Rehearing Overruled Dec. 7, 2000.

Carole Snyder, Houston, for Appellant.

Martin A. Shellist, Houston, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.[1]

---

1. In his certificate of service, counsel has listed appellant's last known address.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

O'CONNOR, Justice.

Our Opinion of November 2, 2000 is withdrawn, and this Opinion is substituted in its place. Our judgment of November 2, 2000 remains unchanged.

In this interlocutory appeal, the City of Houston brings one point of error asserting the trial court improperly denied its plea to the jurisdiction. The City claims Anja Cotton did not comply with the Texas Whistleblower Act's requirement that she exhaust the City's grievance and appeal procedures before bringing suit. We overrule the City's point of error and affirm.

### Facts

The underlying issue in this case is why the City fired Cotton from her job as a food inspector. Cotton contends she was fired in retaliation for filing an affidavit against her supervisor. The City contends Cotton was fired because, among other things, she falsified her time reports, which resulted in her being paid for time she did not work.

In 1996, one of Cotton's co-workers filed a complaint against their supervisor for misconduct. In 1997, Cotton filed a sworn affidavit corroborating the complaint against her supervisor. The supervisor was cleared after an investigation by the Office of the Inspector General.

In 1998, the City suspended Cotton for falsifying food inspection reports, fraudulently receiving overtime, and abusing her official authority. Cotton filed an appeal of her suspension with the Civil Service Commission. During the hearing on her appeal, Cotton claimed she was fired in retaliation for submitting the affidavit against her supervisor. At the end of the hearing, the Commission announced it would uphold the decision to suspend Cotton. A few days later, Cotton filed suit in district court claiming violation of the Whistleblower Act. TEX.GOV.CODE § 554.002.

### Failure to Exhaust Administrative Procedures

■ The City's sole point of error alleges the district court improperly denied its plea to the jurisdiction alleging Cotton did not exhaust her administrative remedies as required by the Whistleblower Act.

■ When a party sues under a statutory cause of action, the party must comply with the administrative prerequisites. *University of Texas Med. Branch v. Hohman,* 6 S.W.3d 767, 774 (Tex.App.—Houston [1st. Dist.] 1999, no pet.). The statutory cause of action in this case is the Whistleblower Act, which provides:

A public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment ... not later than the 90th day after the date on which the alleged violation of this chapter occurred ... or was discovered.

TEX.GOV'T CODE §§ 554.006(a) and (b). Under the Whistleblower Act, the governmental entity must be afforded the opportunity to correct its errors by resolving disputes before facing litigation. *Hohman,* 6 S.W.3d at 774.

The City contends the first time it heard about the violation of the Whistleblower Act was during the appeal from the indefinite suspension before the Civil Service Commission. The City argues Cotton was required to raise her retaliation claim with the Office of Inspector General (OIG), which the City created to investigate allegations of employee misconduct.

The executive order establishing the OIG outlines the various duties of city employees. It states:

All City employees shall have an affirmative duty to report to the OIG, in writing, any incident of criminal or administrative misconduct by any employee of the City of Houston. This provision shall not abrogate the duty of any

City employee to comply fully with all existing state laws, City ordinances, City departmental policies or other City policies regarding reporting of employee misconduct, but shall be in addition to any such duties.

In other words, the City claims Cotton was required to (1) appeal the City's decision to fire her to the Civil Service Commission, and (2) file a written report with the OIG complaining that she was fired in retaliation for reporting wrongdoing by her supervisor. Although Cotton appealed the decision to terminate her employment, she did not file a report with OIG complaining of retaliation.

We disagree with the City. As required by the Whistleblower Act, Cotton initiated an appeal within 90 days of being terminated, which is the "alleged violation" referred to in the Act. *See* TEX.GOV'T CODE § 554.006. Once she was terminated, nothing in the Whistleblower Act required Cotton to report the retaliation to the OIG in a separate procedure.

The City relies on *Gregg County v. Farrar*, 933 S.W.2d 769, 772 (Tex.App.—Austin 1996, writ denied), to support its claim that Cotton was required to file the complaint with the OIG. In *Farrar*, the Austin Court of Appeals found the employee had not exhausted his administrative remedies because he did not appeal the decision of the grievance committee to the commissioner's court. *Farrar*, 933 S.W.2d at 775.

We do not find *Farrar* relevant to this case. First, the OIG procedure is neither a grievance nor an appeal procedure, as required by section 554.006 of the Whistleblower Act. TEX.GOV'T CODE § 554.006. The OIG is an investigatory arm of the City. *See* CITY OF HOUSTON, EXECUTIVE ORDER 1–39 (February 3, 1998). Although the OIG can investigate complaints of retaliation, its purpose is not to resolve employee problems but to resolve issues for the City. Second, in *Farrar*, the employee did not follow the three-step grievance procedure outlined in the Gregg County employee manual. *Farrar*, 933 S.W.2d at 774. Here, Cotton followed the procedure outlined in the City of Houston Code, Division 15, Rule 15, section 14–182, for an employee contesting a suspension. That section provides that, once the mayor issues the employee a written notice of indefinite suspension, the employee has the right to appeal the decision to the commission. No other step is required to contest a suspension.

We find Cotton exhausted the City's appeal procedures before pursuing litigation in district court. We affirm the trial court's order denying the City's plea to the jurisdiction.