**HARRIS COUNTY, Appellant,**

v.

**Christopher LAWSON, Appellee.**

No. 01–02–00288–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 22, 2003.

Order Overruling Rehearing En Banc Nov. 21, 2003.

---

Jay S. Siskind, Assistant County Attorney, Lisa Rice Hulsey, Assistant County Attorney, Houston, for Appellant.

Martin A. Shellist, Shellist, Lore & Lazarz, P.C., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices NUCHIA and JENNINGS.

## EN BANC OPINION

TERRY JENNINGS, Justice.

Appellant, Harris County (the County), challenges the trial court's interlocutory order denying the County's plea to the jurisdiction.[1] In its sole issue, the County contends that the trial court lacked jurisdiction over this "Whistleblower" lawsuit[2] filed by appellee, Christopher Lawson, because Lawson did not comply with the applicable statutory requirements.

This Court has previously held that a plaintiff failed to satisfy the statutory prerequisites to filing suit under the Whistleblower Act when she "elected to exhaust her administrative remedy and filed suit before exhaustion." *Univ. of Houston Sys. v. Lubertino*, 95 S.W.3d 423, 428 (Tex. App.-Houston [1st Dist.] 2002, no pet.). We reasoned that "Lubertino elected to exhaust the grievance procedures when she *submitted a formal grievance complaint*" and that she could not "pursue her grievance and lawsuit simultaneously." *Id.* at 427 (emphasis added). We thus concluded that the trial court had no jurisdiction over Lubertino's suit. *Id.* En banc consideration was requested and granted to address the above holding and reasoning in *Lubertino*. Today, for the reasons discussed below, the En Banc Court, after careful and deliberate consideration, overrules *Lubertino*.

We affirm.

### Facts and Procedural Background

On May 19, 2000, Lawson was terminated from his job as a jailer at the Harris County Jail. Harris County Sheriff's Major K. Berry signed a letter of termination, stating that Lawson's employment was terminated because Lawson, among other things, failed to properly perform assigned duties, failed to obey lawful orders, was insubordinate, and engaged in unprofessional and improper conduct. Lawson timely appealed his termination to the Harris County Sheriff, who, on June 29, 2000, upheld the termination of employment.[3]

On July 6, 2000, Lawson timely appealed his termination to the Civil Service Commission. On September 19, 2000, while that administrative proceeding was still

---

1. We have jurisdiction over this appeal pursuant to the Civil Practices and Remedies Code, which permits an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2003).

2. *See* Tex. Gov't Code Ann. §§ 554.001.010 (Vernon 1994 & Supp.2003) (the Whistleblower Act or the Act).

3. The Harris County Sheriff's Department is not listed in the style of this case and is not named as a separate party in the original petition.

pending, Lawson subsequently filed a Whistleblower lawsuit against the County, alleging that his termination was a direct result of concerns that Lawson had expressed to his superiors and to the Texas Commission on Jail Standards regarding staffing shortages and surveillance problems at the Harris County jail facility. The County answered Lawson's lawsuit and alleged that Lawson's termination was unrelated to his reports of staffing and surveillance problems, and that Lawson had not exhausted all applicable grievance procedures before filing his lawsuit.

On April 3, 2001, following an administrative hearing at which the parties were represented by counsel, the Civil Service Commission upheld Lawson's termination. On January 18, 2002, the County filed a plea to the jurisdiction, which was denied by the trial court.

### Plea to the Jurisdiction

In its sole issue, the County argues that the trial court lacked jurisdiction over Lawson's Whistleblower lawsuit because Lawson failed to either exhaust or abandon his administrative grievance proceeding before filing suit.

■■■ As a general rule, political subdivisions of the State, such as the County, are immune from tort liability based on the doctrine of governmental immunity. *Travis v. City of Mesquite,* 830 S.W.2d 94, 104 (Tex.1992); *Taub v. Harris County Flood Control Dist.,* 76 S.W.3d 406, 409 (Tex. App.-Houston [1st Dist.] 2002, no pet.). A governmental entity may contest a trial court's authority to determine the subject matter of the cause of action by filing a plea to the jurisdiction. *Reyes v. City of Houston,* 4 S.W.3d 459, 461 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). When reviewing a trial court's decision on a plea to the jurisdiction, we consider the facts alleged by the plaintiff and, to the

extent relevant to the jurisdictional issues, any evidence submitted by the parties. *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001).

■■■ Subject matter jurisdiction is a question of law and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993); *Taub,* 76 S.W.3d at 409. In the absence of a waiver of governmental immunity, a court has no jurisdiction to entertain a suit against a governmental unit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits. *Li v. Univ. of Tex. Health Sci. Ctr.,* 984 S.W.2d 647, 654 (Tex.App.-Houston [14th Dist.] 1998, writ denied).

### Whistleblower Act

Under the Texas Whistleblower Act, a local government entity may not suspend or terminate the employment of a public employee based on the employee's good faith report of a violation of law by the employing governmental entity to an appropriate law enforcement authority. Tex. Gov't Code Ann. § 554.002 (Vernon Supp. 2003). A public employee whose employment is suspended or terminated or who is subjected to an adverse personnel action in violation of section 554.002 "is entitled to sue" for injunctive relief, actual damages, court costs, and reasonable attorney fees. *Id.* § 554.003(a) (Vernon Supp.2003). Also, a public employee whose employment is suspended or terminated in violation of the Act "is entitled to" reinstatement to the employee's former position or an equivalent position, compensation for wages lost during the period of suspension or termination, and reinstatement of fringe benefits and seniority rights lost because

of the suspension or termination. *Id.* § 554.003(b) (Vernon Supp.2003).

In its "Waiver of Immunity" provision, the Act provides for a waiver of immunity from suit and immunity from liability as follows:

A public employee who alleges a violation of this chapter *may sue* the employing state or local government entity for the relief provided by this chapter. Sovereign immunity is *waived and abolished to the extent of liability for the relief allowed under this chapter* for a violation of this chapter.

*Id.* § 554.0035 (Vernon Supp.2003) (emphasis added).

The Whistleblower Act is designed to enhance openness in government and compel the government's compliance with law by protecting those who inform authorities of wrongdoing. *Castaneda v. Tex. Dep't of Agriculture,* 831 S.W.2d 501, 503 (Tex.App.-Corpus Christi 1992, writ denied); *Davis v. Ector County,* 40 F.3d 777, 785 (5th Cir.1994). The Act evidences two legislative purposes: (1) to protect public employees from retaliation by their employer when, in good faith, employees report a violation of the law, and (2) in consequence, to secure lawful conduct on the part of those who direct and conduct the affairs of public bodies. *Travis County v. Colunga,* 753 S.W.2d 716, 718–19 (Tex.App.-Austin 1988, writ denied). Because the Act is remedial in nature, it should be liberally construed to effect its purpose. *Castaneda,* 831 S.W.2d at 503; *Davis,* 40 F.3d at 785.

Section 554.006 of the Act provides as follows:

(a) A public employee *must initiate action* under the grievance or appeal procedures of the employing state or local government entity relating to suspension or termination of employment or adverse personnel action *before suing under this chapter.*

(b) The employee *must invoke* the applicable grievance or appeal procedures *not later than the 90th day* after the date on which the alleged violation of this chapter:

(1) occurred; or

(2) was discovered by the employee through reasonable diligence.

(c) Time used by the employee in acting under the grievance or appeal procedures is excluded, except as provided by Subsection (d), from the period established by Section 554.005.

(d) If a final decision *is not rendered before the 61st* day after the date procedures are initiated under Subsection (a), *the employee may elect* to:

(1) exhaust the applicable procedures under Subsection (a), in which event the employee must sue not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter; or

(2) terminate the procedures under Subsection (a), in which event the employee must sue within the time remaining under Section 554.005 to obtain relief under this chapter.

TEX. GOV'T CODE ANN. § 554.006 (Vernon Supp.2003) (emphasis added).

Here, the parties do not dispute that Lawson timely initiated his grievance proceeding and timely appealed the decision of the Sheriff's Department to uphold his termination to the Civil Service Commission, thus fulfilling the requirements of sections 554.006(a) and (b). *Id.* Rather, the County argues that, under section 554.006(d), prior to filing a lawsuit, a public employee, in order to invoke the jurisdiction of a district court, *must* elect either to wait until the grievance proceeding is concluded or abandon the grievance proceed-

ing. The County contends that, because Lawson did not wait until his grievance proceeding was concluded, or alternatively, did not *formally* abandon his grievance proceeding before filing suit, the trial court lacked jurisdiction over this case.

This court has held that "the statutory prerequisite that a plaintiff in a Whistleblower action *timely initiate a grievance* is a jurisdictional requirement, the failure of which may be challenged by way of a plea to the jurisdiction." *Tex. S. Univ. v. Carter,* 84 S.W.3d 787, 792 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (emphasis added); *City of Houston v. Cotton,* 31 S.W.3d 823, 824–25 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Univ. of Tex. Med. Branch v. Hohman,* 6 S.W.3d 767, 774 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.). In regard to this holding, it is important to note that subsection (a) expressly requires that a public employee "must initiate action" under the appropriate grievance or appeal procedures "before suing under this chapter." Tex. Gov't Code Ann. § 554.006(a). Also, subsection (b) expressly requires that the public employee "must invoke" the appropriate procedures before the 90th day on which the alleged violation occurred or was discovered by the employee with reasonable diligence. *Id.* § 554.006(b). Thus, in all three cases, this court held that the plaintiffs timely initiated their grievances under subsections (a) and (b) of section 554.006. *Carter,* 84 S.W.3d at 793; *Cotton,* 31 S.W.3d at 825; *Hohman,* 6 S.W.3d at 775.

In *Carter,* this Court specifically addressed the question of whether the Texas Supreme Court's holding in *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex. 2000), effectively overruled our holding in *Hohman. Carter,* 84 S.W.3d at 791. We

noted that the key distinction between *Kazi* and *Hohman* was that *Kazi* was a wrongful death case, and, that there is no common law Whistleblower cause of action. *Id.* Moreover, we noted that a trial court has no constitutional jurisdiction in a suit against the State, absent a waiver of governmental immunity:

> In sum, the Whistleblower Act creates the cause of action sued upon, provides procedural prerequisites for filing suit, and then waives sovereign immunity from suit once those requirements have been met. The trial court has no subject matter jurisdiction over the suit unless the State's sovereign immunity from suit is waived, and the State's sovereign immunity from suit is not waived unless the statutory prerequisites for filing suit have been met. As such, this case is distinguishable from *Kazi,* in which sovereign immunity was not an issue.

*Id.* at 792. As noted above, the Whistleblower Act waives governmental immunity "to the extent of liability for the relief allowed under this chapter." Tex. Gov't Code Ann. § 554.0035. If a plaintiff has no right to relief under the statute because the statutory prerequisites have not been met, then there is no waiver of governmental immunity and the trial court has no jurisdiction. *Carter,* 84 S.W.3d at 792.

Thus, we concluded that *Kazi* did not overrule our holding in *Hohman* and that the statutory prerequisite that a plaintiff *"must initiate"* a grievance *"before suing"* is a jurisdictional requirement. *Id.* at 792.[4]

Here, the County, in effect, asks us to extend this holding. The County argues that the trial court in this case had no jurisdiction because Lawson did not aban-

**4.** But see *Univ. of Tex. Med. Branch at Galveston v. Barrett,* 112 S.W.3d 815, 817 (Tex.App.-Houston [14th Dist.] 2003, n.p.h.) (reasoning that "Because [Whistleblower plaintiff] alleged a violation and sought relief allowed by the Act, sovereign immunity was waived.").

don his grievance proceeding or wait until his grievance proceeding was concluded before filing suit. The County relies chiefly on three cases to support its argument: *Johnson v. City of Dublin*, 46 S.W.3d 401, 405 (Tex.App.-Eastland 2001, pet. denied); *Castleberry Indep. Sch. Dist. v. Doe*, 35 S.W.3d 777, 780–82 (Tex.App.-Fort Worth 2001, pet. dism'd w.o.j.); and *City of San Antonio v. Marin*, 19 S.W.3d 438, 441 (Tex.App.-San Antonio 2000, no pet.). We find these cases inapplicable for the following reasons.

In *Marin*, the court of appeals held that two municipal employees violated "both the spirit and the letter" of the Whistleblower Act by filing their lawsuit within two days of initiating their grievance proceeding. *Marin*, 19 S.W.3d at 438. The court of appeals held that the trial court lacked jurisdiction over the case because the employees failed to satisfy the mandatory statutory requirements to filing suit, and the court observed that, "[w]hile exhaustion is not required, an employee is required to initiate the grievance procedure and give the employer an opportunity to reach a final decision within 60 days." *Id.* Here, the parties agree that, after initiating his grievance proceeding, Lawson waited more than 60 days to file his lawsuit.

Following *Marin*, the court of appeals in *Johnson* affirmed the trial court's grant of a plea to the jurisdiction, holding that a municipal police chief "failed to initiate action" under the municipality's grievance procedure and thus did not satisfy the mandatory statutory prerequisites to filing suit under the Act. *Johnson*, 46 S.W.3d at 405.

The court of appeals in *Castleberry* addressed the issue of whether the 90–day period in which an employee must file suit for a violation of the Act is tolled during the pendency of the employee's grievance proceeding. *Castleberry*, 35 S.W.3d at 781–82; *see* Tex. Gov't Code Ann. § 554.005. In holding that the 90–day limitations period was tolled, the court of appeals observed that, if an employer does not reach a final decision within 60 days, "the employee is no longer required to exhaust the available grievance *procedures*, but may file suit within the remaining time." *Castleberry*, 35 S.W.3d at 782 (emphasis added).

The cases relied on by the County do not address the question of whether, prior to filing a Whistleblower lawsuit, a public employee, in order to invoke the jurisdiction of a district court, *must* elect either to (1) exhaust the appropriate grievance proceeding and wait to file suit within 30 days of the final resolution of that proceeding, or (2) formally abandon the grievance proceeding and file suit within the remaining portion of the 90–day limitations period. Thus, we find these authorities inapplicable.

As we noted in *Hohman*, "[u]nder the Whistleblower Act, the legislature intended that the governmental entity be afforded the opportunity to correct its errors by resolving disputes before facing litigation." 6 S.W.3d at 774 (citing *Gregg County v. Farrar*, 933 S.W.2d 769, 775 (Tex.App.-Austin 1996, writ denied)). Although it is well-established that governmental entities should be afforded an opportunity to remedy their errors before facing a lawsuit, there is no requirement that governmental entities be given an unlimited opportunity to do so. Here, Lawson's administrative appeal of the decision of the Sheriff's Department to uphold his termination was not ruled on for nearly nine months.

In fact, the County's argument is in direct conflict with the express language of section 554.006 and ignores its history. Section 554.006 was previously entitled "Exhaustion of Grievance or Appeal Proce-

dures" and expressly stated that a public employee *"must exhaust* that government's grievance or appeals procedures ... *before suing* under this chapter." Act of May 22, 1993, 73rd Leg., R.S., ch 268, § 1, 1993 Tex. Gen. Laws 583, 610 (amended 1995) (current version at Tex. Gov't Code Ann. § 554.006) (emphasis added). An employee had to "invoke the grievance or appeal procedures not later than the 90th day after the date on which the alleged violation" occurred or was discovered. *Id.* Subsection (d) of the former version of section 554.006 noted that section 554.006 did not apply "if a final decision is not rendered before the 31st day after the date on which the employee initiated the grievance or appeal." *Id.*

The Legislature amended section 554.006, effective June 1995, changing its title from "Exhaustion of Grievance or Appeal Procedures" to "Use of Grievance or Appeal Procedures." Tex. Gov't Code Ann. § 554.006. The language of section 554.006, as it now reads, expressly states that *"before suing under this chapter,"* an employee *"must initiate action* under the grievance or appeal procedures of the employing state or local government entity relating to suspension or termination of employment or adverse personnel action." *Id.* § 554.006(a) (emphasis added). The employee *"must* invoke the applicable grievance or appeal procedures *not later than the 90th day* after the date on which the alleged violation" occurred or was discovered by the employee. *Id.* § 554.006(b) (emphasis added).

The Legislature, by amending section 554.006 and changing its title, in clear and direct language, dropped the requirement that an employee *"must exhaust* [a] government's grievance or appeals procedures ... *before suing"* from the Whistleblower Act. The amendments also increased the time period for the rendition of a final decision on a grievance or appeal from 30 days to 60 days. This effectively gives governmental entities an additional 30 days to resolve their disputes with employees before being subjected to a lawsuit. *See Castleberry,* 35 S.W.3d at 782 ("Under the current statute, the employer has 60 days in which to reach a final decision. If one is not reached within that time period then the employee is no longer required to exhaust the available grievance procedures, but may file suit within the remaining time.").

The Whistleblower Act now provides that a public employee, after waiting 60 days for a final decision on their grievance or appeal, *"may* elect" to "exhaust the applicable procedures" or "terminate [the] procedures." Tex. Gov't Code Ann. § 554.006(d) (emphasis added). There is no requirement in the plain language of the statute that an employee "must" elect either option. *Id.* Subsection (d) does not require a Whistleblower plaintiff to make his choice at any specific time or in any specific fashion. Moreover, it in no way precludes an employee from filing suit at anytime after waiting 60 days for a final decision, provided that the suit is filed within the statutory limitations period.

■ As noted above, a Whistleblower plaintiff no longer has to "exhaust" grievance or appeals procedures to bring suit against a governmental entity. Instead, subsection (d) now gives Whistleblower plaintiffs the choice of exhausting those procedures or, after waiting 60 days for a final decision, filing a lawsuit. *Id.* Accordingly, we hold that a public employee, as statutory prerequisites to filing a Whistleblower lawsuit, must (1) timely initiate the governmental entity's grievance or appeal procedures and, then, (2) give the governmental entity at least 60 days to reach a

final decision on the grievance or appeal.[5]

▮ Here, the record indicates that Lawson complied with these requirements. Lawson was terminated from his job as a jailer on May 19, 2000, and he timely appealed his termination to the Harris County Sheriff, which, on June 29, 2000, upheld the termination of employment. Lawson then timely appealed his termination to the Civil Service Commission. On September 19, 2000, while that administrative proceeding was still pending, Lawson subsequently filed his Whistleblower lawsuit against the County. Although Lawson did not formally terminate his appeal to the Civil Service Commission, he gave the County, as he was required to by section 554.006(d), its opportunity to redress his grievance before he filed suit.[6] Moreover, Lawson, by continuing to participate in the grievance and appeal process long after he was required to, actually gave the County more time to redress his grievance than it was entitled to receive. Lawson complied with both the letter and spirit of section 554.006.

Because Lawson complied with the statutory prerequisites of section 554.006, we hold that the trial court had subject-matter jurisdiction over this case and properly denied the County's plea to the jurisdiction. This holding is consistent with the purpose and remedial nature of the Whistleblower Act and the Legislature's intent to allow public employees to sue for relief when they have timely initiated grievance procedures and afforded governmental entities the opportunity to correct their errors by resolving disputes before facing litigation.

In reaching our holding, we must also address this Court's previous decision in *University of Houston System v. Lubertino*, 95 S.W.3d 423 (Tex.App.-Houston [1st Dist.] 2002, no pet.). In *Lubertino*, we held that, "because Lubertino failed to satisfy the mandatory statutory prerequisites to filing suit under the Whistleblower Act, the trial court lacked jurisdiction." *Id.* at 428. We noted that the defendant "conceded" that Lubertino timely initiated the appropriate grievance procedure and we reasoned as follows:

> Lubertino elected to exhaust the grievance procedures when she submitted a formal grievance complaint 77 days after initiating her grievance. Once Lubertino elected to exhaust her grievance, she could not file suit before exhaustion unless she made an election to terminate her grievance. However, Lubertino never elected to terminate her grievance, but instead attempted to pursue her grievance and lawsuit simultaneously. Because section 554.006 expressly forbids such simultaneous actions, Lubertino did not comply with the limitations provisions of the Act.

*Id.* at 426–27.

However, a public employee does not "elect" to "exhaust the grievance procedures" by merely filing a grievance complaint timely, which is required under subsection (b) of section 554.006. The filing of a lawsuit more than 60 days after initiating a grievance, should make a public employee's election readily apparent. Also, as not-

5. If a public employee chooses to exhaust the applicable grievance or appeal procedures, the employee must sue not later than the 30th day after the date those procedures are exhausted to obtain relief under the Act. Tex. Gov't Code Ann. § 554.006(d)(1). If a public employee chooses to terminate the applicable procedures, the employee must sue within the time remaining under section 554.005 to obtain relief under the Act. *Id.* § 554.006(d)(2).

6. If the County had any doubt as to Lawson's "election," that doubt should have been resolved when it received service of Lawson's original petition.

ed above, the 1995 amendments to section 554.006 dropped the requirement that a public employee "*must exhaust* that government's grievance or appeals procedures" before filing suit. Moreover, section 554.006 does not "forbid" a public employee from participating in a government entity's grievance process after filing suit. We cannot read subsection 554.006(d), which states that a public employee "may elect" to terminate or exhaust grievance or appeals procedures, as *requiring* a public employee, in order to invoke the jurisdiction of a district court, to formally terminate or to exhaust such procedures if a final decision is not rendered after 60 days.

 Thus, we further hold that a public employee's continued participation in a governmental entity's grievance or appeal procedures, after the employee has timely initiated his grievance, waited 60 days for a final decision, and timely filed suit, does not deprive a trial court of subject-matter jurisdiction over the case. To hold otherwise would be inconsistent with the plain language of section 554.006, the remedial nature of the Whistleblower Act, and the intent of the Legislature. In fact, such a holding would actually encourage public employees to drop any attempt at resolution of their disputes and simply file suit after timely initiating the governmental entity's grievance or appeal procedure and

waiting 60 days for a final decision. Accordingly, we overrule *Lubertino*.

## Conclusion

Having held that the trial court did not err in denying the County's plea to the jurisdiction, we overrule the County's sole issue.

We affirm the order of the trial court.

En banc consideration was requested on the Court's motion.

A majority of the Court voted in favor of en banc consideration of the case.

The en banc Court consists of Chief Justice RADACK and Justices HEDGES, TAFT, NUCHIA, JENNINGS, KEYES, ALCALA, HANKS, and HIGLEY.

Justice JENNINGS, writing for the majority of the en banc Court, joined by Chief Justice RADACK and Justices HEDGES, NUCHIA, and HANKS.

Justice ALCALA, dissenting, joined by Justices TAFT, KEYES, and HIGLEY.

ELSA ALCALA, Justice, dissenting.

I respectfully dissent. When a public employee is suspended or terminated for reporting violations of law by the employing governmental entity, sections 554.0035 and 554.006(d) of the Whistleblower Act[1]

---

1. The Whistleblower Act reads as follows:

 (a) A public employee must initiate action under the grievance or appeal procedures of the employing state or local government entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter.

 (b) The employee must invoke the applicable grievance or appeal procedures not later than the 90th day after the date on which the alleged violation of this chapter:

 (1) occurred; or

 (2) was discovered by the employee through reasonable diligence.

 (c) Time used by the employee in acting under the grievance or appeal procedures is excluded, except as provided by Subsection (d), from the period established by Section 554.005.

 (d) If a final decision is not rendered before the 61st day after the date procedures are initiated under Subsection (a), *the employee may elect to:*

 (1) exhaust the applicable procedures under Subsection (a), in which event the employee must sue not later than the

(the Act) waive sovereign immunity and permit the employee two avenues to sue the State. *See* TEX. GOV'T CODE ANN. §§ 554.0035, 554.006(d) (Vernon Supp. 2003). The employee may either (1) exhaust the grievance proceedings and file suit within 30 days of the date of exhaustion or (2) terminate the grievance proceedings and file suit within the time remaining under the Act. TEX. GOV'T CODE ANN. § 554.006(d); *Smith v. Univ. of Tex. Southwestern Med. Ctr. of Dallas,* 101 S.W.3d 185, 189 (Tex.App.—Dallas 2003, not pet.). In accordance with section 554.006(d), this Court has recently held that an employee who simultaneously sought to pursue her grievance proceedings and a lawsuit after the 60–day waiting period did not comply with section 554.006(d)'s election provision and, therefore, did not maintain jurisdiction in the trial court. *Univ. of Houston Sys. v. Lubertino,* 95 S.W.3d 423, 427 (Tex.App.—Houston [1st Dist.] 2002, no pet.). *Lubertino* followed this Court's recent decision in *Texas Southern University v. Carter* by concluding that an employee's failure to comply with the Act's limitations provisions results in a loss of jurisdiction, because employees who fail to comply with the limitations provisions do not fall within the State's limited waiver of sovereign immunity. *Id.,* 84 S.W.3d 787, 792 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

The issue now before the Court is the majority's attempt to overrule our decision in *Lubertino* and to hold that an employee need not make the election that section 554.006(d) requires. The majority incorrectly concludes that employees may simultaneously pursue grievance proceedings and lawsuits after the 60–day waiting

period, and that the limitations provisions contained in section 554.006(d)'s election provision are not mandatory. *Harris County v. Lawson,* No. 01–02–00288–CV, 122 S.W.3d 276, 2003 WL 22019734 (Tex. App.—Houston [1st Dist.] August 22, 2003, n.p.h.). Because the majority does not accord necessary deference to the plain meaning and legislative intent of the Act, I respectfully dissent.

### Significance of the Election Provision

The election provision is significant in the Whistleblower Act for two reasons. First, the election provision requires that grievance proceedings be exhausted or terminated—and not ongoing—when a lawsuit is filed. Second, the election provision states the time limitations that govern when a lawsuit may be filed against the State, depending on the course of action taken by an employee. Each issue is addressed in turn.

### 1. Concurrent Grievance Proceedings and Lawsuits

After waiting 60 days from the date grievance procedures are initiated, can employees disregard the election provision and simultaneously pursue grievance procedures and lawsuits?

The plain language of the Act neither permits nor contemplates concurrent lawsuits and grievance proceedings and affirmatively dictates otherwise. Under section 554.006(d), after an employee participates in the grievance process for 60 days, the employee may (1) file a lawsuit within 30 days after exhausting grievance procedures, *or* (2) file a lawsuit within

30th day after the date those procedures are exhausted to obtain relief under this chapter; or
(2) terminate the procedures under Subsection (a), in which event the employee

must sue within the time remaining under Section 554.005 to obtain relief under this chapter.
TEX. GOV'T CODE ANN. § 554.006 (Vernon Supp.2003) (emphasis added).

the remaining time limits under the Act if the employee chooses to terminate the grievance procedures. TEX. GOV'T CODE ANN. § 554.006(d). Under either of the options that authorize a lawsuit, the grievance proceedings must first have ended—by exhaustion or termination. The Act does not envision an ongoing grievance proceeding when a lawsuit is filed. *See id.* Despite section 554.006(d)'s plain language authorizing an employee to file a lawsuit after exhaustion or termination of grievance proceedings, the majority has judicially created a new process that permits grievance proceedings and lawsuits to proceed concurrently.

The panel opinion relies on *Castleberry Independent School Dist. v. Doe,* for the proposition that "the employee is no longer required to exhaust available grievance procedures, but may file suit within the remaining time." *Id.,* 35 S.W.3d 777, 782 (Tex.App.—Fort Worth 2001, pet. dism'd w.o.j.). *Castleberry* does not address, however, whether an employee must comply with the election provision. Furthermore, this Court has expressly declined to follow *Castleberry*'s holding that "the proper avenue for raising the statute of limitations defense under the Whistleblower Act is in a motion for summary judgment, not in a plea to the jurisdiction." *See Carter,* 84 S.W.3d at 792 (holding that Whistleblower Act's statute-of-limitations provisions are jurisdictional requirements that may be challenged by way of plea to the jurisdiction).

To clarify, *Lubertino* does *not* hold that an employee must exhaust administrative remedies before filing suit. *Lubertino* holds only that an employee must adhere to statutory prerequisites to filing suit, including the election provision in section 554.006(d), before filing suit under the Act. *Lubertino,* 95 S.W.3d at 427. As opposed to isolated quotations from *Castleberry,* the more recent opinion of the Dallas Court of Appeals in *Smith* more aptly states the requirements of the Act, as follows:

> In her third issue, Smith argues that the trial court erred in dismissing her claims under the Texas Whistleblower Act. That act requires a public employee seeking whistleblower status to sue no later than 90 days after the alleged violation of the act. TEX. GOV'T CODE ANN. § 554.005 (Vernon Supp.2003). The single exception to this requirement is found in section 554.006 of the act. That section requires the employee to initiate action under the grievance or appeal procedures of her employer before filing suit. *Id.* § 554.006(a). The time taken by participation in these procedures is excluded from the 90–day requirement of section 554.005. *Id.* § 554.006(c). If the grievance or appeal is not resolved within 60 days, the employee may *either* terminate the procedure and file suit *or* exhaust the procedure and sue after exhaustion. *Id.* § 554.006(d).

*Smith,* 101 S.W.3d at 189 (emphasis added).

Under *Lubertino,* and as apparently contemplated by *Smith,* the employee may either terminate the grievance proceedings and file a lawsuit within the time remaining under the Act or exhaust the grievance proceedings and file a lawsuit within 30 days. *Smith,* 101 S.W.3d at 189; *Lubertino,* 95 S.W.3d at 427. *Lubertino* is at odds with the majority opinion's assertion that the employee is free to ignore this election.[2]

2. In footnote six, the majority opinion alternatively suggests, "If the county had any

doubt as to Lawson's 'election,' that doubt should have been resolved when it received

## 2. The Time Limitations

When may an employee sue the State for violations under the Act? The election provision provides limitations periods that depend on the course of action an employee chooses. As stated above, the election provision provides that, if a final decision is not rendered before the 61st day after the date grievance procedures are initiated, an *"employee make elect to:* (1) exhaust the [grievance procedures] ..., in which event the *employee must sue* not later than the 30th days after the date those procedures are exhausted *to obtain relief under this chapter;* or (2) terminate [grievance procedures] ..., in which event the employee *must sue* within the time remaining under Section 554.005 *to obtain relief* under this chapter." TEX. GOV'T CODE ANN. § 554.006(d) (emphasis added). Under the plain language of the Act, an employee's elected course of action determines which limitations period applies when filing suit.

Under the majority opinion, however, it is unclear what limitations periods would apply when an employee fails to elect under section 554.006(d). In footnote five, the majority opinion states that section 554.006(d) "in no way precludes an employee from filing suit at any time after waiting 60 days for a final decision, provided that the suit is filed within the statutory limitations period" and then lists the limitations periods contained in section 554.005(d)'s election provision as the applicable limitations periods under the Act. *Lawson,* slip op. at 15, n.5. It appears that the majority would construe section 554.006(d)'s election provision as advisory in all aspects *except* limitations. But this construction of the

Act is problematic because of (1) the majority's conflicting holding that a statutory provision that we construe as voluntary contains mandatory limitations periods and (2) the construction's inapplicability to Lawson, who chose neither to exhaust nor terminate grievance procedures and, therefore, did not fall within the limitations periods under section 554.006(d). Thus, as evidenced in *Lubertino* and the majority opinion in this case, whether an employee must comply with the election provision directly determines the limitations periods that the employee must follow under the Act.

### Compliance with the Election Provision

Is the election provision of the Act voluntary or a condition precedent to filing a lawsuit? Three reasons underscore *Lubertino*'s holding that an employee must comply with the election provision before filing suit. First, the plain language of the statute specifies what an employee must do before the employee may sue. Second, the legislative intent supports the interpretation that an employee may sue only after making an election. Third, the statute is consistent with other statutes that waive sovereign immunity. Each reason is addressed in turn.

### 1. Plain Language of the Statute

As addressed above, the plain language of the election provision states that an employee who has participated in grievance proceedings for 60 days may elect to sue within 30 days of exhausting the grievance proceedings, or within the time left to

service of Lawson's original petition." *Lawson,* 122 S.W.3d at 284 n. 6. This footnote is confusing because it appears that, after holding that an employee need not make an election, the majority attempts to assert that Lawson did make an election to terminate the

grievance proceedings. The record, however, indicates that Lawson continued the grievance proceedings long after filing suit, and therefore does not support a finding that Lawson elected to terminate under section 554.006(d)(2).

file the lawsuit under the Act if the grievance proceedings are terminated. TEX. GOV'T CODE ANN. § 554.006(d). The plain language of the Act thus contemplates two ways for an employee to file a lawsuit—by exhausting or by terminating grievance proceedings. *See Smith*, 101 S.W.3d at 189.

## 2. Legislative Intent

Did the Legislature add the election provision only to have it be construed as voluntary and meaningless? By allowing employees to ignore the election provision, the majority permits employees to pursue grievance proceedings and lawsuits simultaneously. The majority holds that "a public employee, as statutory prerequisites to filing a Whistleblower lawsuit, must (1) timely initiate the governmental entity's grievance or appeal procedures and, then, (2) give the governmental entity at least 60 days to reach a final decision on the grievance or appeal." *Lawson*, 122 S.W.3d at 284.

According to the majority, we should judicially interpret section 554.006(d) to read as follows:

If a final decision is not rendered before the 61st day after the date procedures are initiated under Subsection (a), the employee my bring suit.[3]

This interpretation, however, reduces the election provision to nothing more that advisory legislation. As we noted in *Lubertino*, "We cannot presume the Legislature enacted [the election provision] with the intent or expectation that employees be free to ignore it." *Lubertino*, 95 S.W.3d at 428. We must avoid statutory interpretations that render portions of a particular statute meaningless or mere surplusage. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987). By holding that an employee may ignore the election provision, this is exactly what the majority does.

Action by the legislature supports construing the Act as permitting an employee to sue only after complying with the election provision. In 1995, the Legislature amended the Act by deleting the requirement that grievance proceedings be exhausted before a lawsuit could be filed, and by adding the election provision at issue here. *See* Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 610 (amended 1995) (current version at TEX. GOV'T CODE ANN. § 554.006 (Vernon Supp.2003)). We must consider the predecessor act when deciding when determining whether the Legislature intended section 554.006(d)'s election provision as a statutory prerequisite to suit. *See Redmon*, 745 S.W.2d at 316.

The panel opinion interprets the 1995 amendment as enabling employees to sue more easily. The Legislature's intent, however, appears more consistent with an effort to conserve state resources by (1) avoiding unnecessary duplication, through which the State would be required to address concurrent grievance proceedings and lawsuits involving the same set of facts, and by (2) avoiding futile grievance proceedings by allowing an employee to terminate the grievance proceedings after 60 days. As the majority readily acknowledges, the Legislature's purpose in

---

3. As the majority notes, the former version of section 554.006 reads almost identically to the interpretation the majority now seeks to adopt with the amended version. TEX. GOV'T CODE ANN. § 554.006; *Lawson*, 122 S.W.3d at 283 (noting previous version of statute allowed employee to sue if final decision not rendered before 31st day after employee initiated grievance procedures). Thus, while enforcing the portions of the amendment that extend the waiting deadline to 60 days, the majority would apparently read out the portions of the amendment that add the election provision.

enacting the Act's statutory prerequisites, including the election provision, was to afford governmental entities the opportunity to correct their errors *before* facing litigation, rather than *during* or *after* litigation. *See Lawson*, 122 S.W.3d at 284. By allowing employees to bring suit during grievance proceedings, the majority contravenes this purpose.

### 3. Consistent Statutory Construction

The majority's holding that an employee is free to ignore the election provision focuses on the Legislature's use of the word "may" in section 554.006(d). *Id.* 122 S.W.3d at 283. If the Legislature had stated that the employee "must elect," then we would certainly construe the election provision as a statutory prerequisite to filing suit under the Act. The question therefore becomes, "Does the Legislature's use of the word 'may' instead of the word 'must' change a mandatory statutory prerequisite into mere advisory legislation?" *Lubertino* concluded that it did not. *See Lubertino*, 95 S.W.3d at 427.

Section 554.0035, the "permission to sue" provision of the Act, states that an employee "may sue the employing State or local governmental entity..." TEX. GOV'T CODE ANN. § 554.0035 (Vernon Supp.2003). Section 554.006(d), in conjunction with section 554.0035, uses the word choice "may" in waiving sovereign immunity. The Legislature's choosing the word "may" in the election provision is consistent with other waiver-of-sovereign-immunity statutes that also use "may" in authorizing a party to sue. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(b) (Vernon 1997) ("permission to sue" provision under Tort Claims Act provides that, "a person having a suit under this chapter *may* sue a governmental unit"); TEX. GOV'T CODE ANN. § 2007.021 (Vernon 2000) (providing that, in suit against political subdivision under Private Real Property Rights Preservation Act, "private real property owner *may* bring suit under this subchapter"); *see also Gregg County v. Farrar*, 933 S.W.2d 769, 777 (Tex.App.—Austin 1996, no writ) (holding fact that aggrieved party "may" appeal decision of grievance committee was intended to mandate appeal to commissioner's court as final step of exhausting administrative remedies). Section 554.006(d)'s "may" is no different.

Under general rules of statutory construction, the Legislature's choosing the word "may" makes logical sense. Had the Legislature chosen alternate words like "shall" or "must," these could arguably be construed as imposing a duty on employees to file suit once the 60–day waiting period expires. *See* TEX. GOV'T CODE ANN. § 311.016 (Vernon 1998) ("shall" imposes a duty; "must" creates or recognizes a condition precedent); *compare* TEX. GOV'T CODE ANN. § 311.016(1) ("may" creates discretionary authority or grants permission) (Code Construction Act). Employees, however, clearly have no duty to sue. As opposed to creating a duty or even the impression that an employee must file suit, the word "may" merely grants employees permission to sue under the conditions set forth in section 554.006(d).

The panel opinion focuses on the words "must initiate action" in section 554.006(a) and "must invoke" in section 554.006(b). *See Lawson*, 122 S.W.3d at 283. It is important, however, to review the language in the context of the entire Act. *Redmon*, 745 S.W.2d at 316. The Act states that an employee may elect to exhaust the grievance proceedings or terminate them; these are the employee's two options. The Act then specifies the limitation effect of either election by stating that the employee "must sue not later than the

30th day after the date those procedures are exhausted to obtain relief under this chapter" for grievance procedures that are exhausted, or "must sue within the time remaining under Section 554.005 to obtain relief under this chapter" for grievance procedures that are terminated. TEX. GOV'T CODE ANN. § 554.006(d). The third option provided by the majority, that employees may simultaneously pursue grievances and lawsuits, is never presented in the Act. We should hesitate to judicially adopt the panel opinion's third option as an additional waiver of the State's sovereign immunity.

Because the plain language of section 554.006(d) of the Act specifies when and under what circumstances an employee may sue, and because the legislative history and well-settled principles of statutory construction support the conclusion that an employee may only file suit under the Act upon either exhausting grievance procedures or terminating them, an election to exhaust or terminate grievance proceedings should be construed a requirement of complying with the Act.

### Election Provision Affects Jurisdiction

If a failure to make an election to exhaust or terminate grievance proceedings constitutes a failure to comply with the Act, does a court lose jurisdiction to hear the case? [4] Courts that have interpreted section 554.006 have determined that the failure to abide by the terms of the Act results in a loss of jurisdiction. [5] *See e.g., Univ. of Tex. Med. Branch v. Savoy*, 86 S.W.3d 782, 787 (Tex.App.—Beaumont

2002, pet. denied) (holding that failure to comply with 60–day waiting period under section 554.006(d) deprives trial court of subject-matter jurisdiction); *City of San Antonio v. Marin*, 19 S.W.3d 438, 442 (Tex.App.—San Antonio 2000, no pet.) (same); *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 774 (Tex.App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (holding that compliance with section 554.006 is jurisdictional); *Farrar*, 933 S.W.2d at 777 (holding that failure to comply with requirements of section 554.006(d) deprives trial court of subject-matter jurisdiction).

The majority attempts to distinguish these cases on the grounds that their rulings pertain to sections of the Act other than the election provision of section 554.006(d), but this is a distinction without a difference. The same logic and rationale that applies in construing whether compliance with the remainder of section 554.006 is jurisdictional should apply when construing whether compliance with the election provision of section 554.006(d) is jurisdictional. Because the election provision delineates when suit can be filed, the provision is as significant as other provisions of section 554.006 that courts have determined are jurisdictional, such as the failure to participate in grievance proceedings for 60 days or the failure to initiate a grievance prior to filing suit.

In *Carter*, this Court held, in the context of sovereign immunity, that the limitations provisions of the Act were statutory prerequisites that must be met to confer juris-

---

4. The majority never reaches this issue. By determining that the election provision is voluntary, the majority concludes that Lawson complied with the Act by participating in grievance proceedings for 60 days. *Lawson*, 122 S.W.3d at 284. If Lawson complied with the Act, there was no violation of the Act, and jurisdiction was never at issue.

5. However, compare *Univ. of Tex. Med. Branch at Galveston v. Barrett*, 112 S.W.3d 815, 817 (Tex.App.—Houston[14th Dist.] 2003, n.p.h.), holding a failure to comply with the terms of the Whistleblower Act does not result in a loss of jurisdiction in the trial court.

diction upon a trial court. *Carter,* 84 S.W.3d at 792. Former Chief Justice Schneider wrote as follows:

> In sum, the Whistleblower Act creates the cause of action to be sued upon, provides procedural prerequisites for filing suit, and then waives sovereign immunity from suit once those requirements have been met. The trial court has no subject matter jurisdiction over the suit unless the State's sovereign immunity from suit is waived, and the State's sovereign immunity from suit is not waived unless the statutory prerequisites for filing suit have been met.

*Id.*

In the sovereign immunity context, causes of action derive from statutes whose provisions are mandatory, exclusive, and must be complied with in *all* respects. *See Grounds v. Tolar Indep. Sch. Dist.,* 707 S.W.2d 889, 891 (Tex.1986), *overruled in part on other grounds, Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex. 2000); *Carter,* 84 S.W.3d at 792; *Univ. of Texas–Pan American v. De Los Santos,* 997 S.W.2d 817, 820 (Tex.App.—Corpus Christi 1999, no pet.). When a plaintiff fails to comply in all respects, the trial court has no jurisdiction over the cause of action. *See Grounds,* 707 S.W.2d at 891; *Carter,* 84 S.W.3d at 792; *De Los Santos,* 997 S.W.2d at 820.

The election provision in section 554.006(d) specifies the time periods and circumstances in which a lawsuit may be filed, and it provides that grievances be ended, either through termination or exhaustion, before filing suit. The provision is therefore a statutory prerequisite to filing suit. As *Lubertino* concluded, the election provision should be construed in accordance with the remainder of the Act, and a failure to comply with the provision should result in a loss of jurisdiction to hear the matter.

**Conclusion**

The majority interprets the Act as allowing an employee to file suit anytime after waiting 60 days from the date the grievance proceedings are initiated. *See Lawson,* slip op. at 15. Had the Legislature intended a statute so simple in nature, it would have amended section 554.006(d) by merely extending the 30–day waiting period to 60 days. Instead, the Legislature enacted the election provision with the expectation that employees not file suit while grievance proceedings are pending. Because Lawson did not elect to exhaust or terminate his grievance proceedings before filing suit, he did not comply with section 554.006(d). The trial court, therefore, did not have jurisdiction over Lawson's lawsuit.

I would uphold *Lubertino,* reverse the order of the trial court, and render judgment sustaining the county's plea to the jurisdiction.

**EN BANC ORDER**

PER CURIAM.

Appellant, Harris County, has filed a motion for rehearing in this case. Tex. R.App. P. 49.1. After considering the record and the arguments presented, we hold that the motion is without merit. Accordingly, the motion for rehearing is **denied.** *Id.* 49.3.

It is so **ORDERED.**

The motion was considered by the en banc Court, consisting of Chief Justice RADACK and Justices HEDGES, TAFT, NUCHIA, JENNINGS, KEYES, ALCALA, HANKS, and HIGLEY. Tex.R.App. P. 49.3.

A majority of the en banc Court voted to deny the motion. Id.

Justice KEYES, dissenting, joined by Justices TAFT, ALCALA, and HIGLEY. TEX.R.APP. P. 47.5.

EVELYN V. KEYES, Justice, dissenting from denial of motion for rehearing en banc.

I respectfully dissent from denial of rehearing. I believe the original dissenting opinion that was issued in this case is correct.

When a public employee is suspended or terminated for reporting violations of law by a governmental entity, the Whistleblower Act permits the employee two exclusive avenues to sue the State. The employee may *either* (1) exhaust the grievance proceedings and file suit within 30 days of the date of exhaustion *or* (2) terminate the grievance proceedings and file suit within the time remaining under the Act. TEX. GOV'T CODE ANN. § 554.006(d). The majority opinion creates a third option—the employee may continue grievance proceedings *while* suing the state. By holding as it does, the majority overturns established law in this jurisdiction[1] and creates a jurisprudence for plaintiffs within the juris-

diction of this court that is at odds with the other courts of appeals that have construed the Act,[2] with pernicious consequences.

By allowing employees to ignore the election provision, the majority permits employees to pursue grievance proceedings and lawsuits simultaneously in different forums. It thus invites duplicative proceedings, violating the principle of judicial economy the legislature intended to further by enacting section 554.006(d) and, instead, encouraging the waste of judicial and legal resources;[3] it discourages voluntary settlement of employee grievances (an additional purpose of the exhaustion provision[4]); and it invites inconsistent outcomes between administrative and legal proceedings. As the dissent discusses, the consequence of this holding is not only to distance this court from the vast majority of appeals courts of this state which have considered the requirements of the Act, but also to distinguish the Act in this jurisdiction from the many similar statutes in which exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit.[5]

---

1. *Univ. of Houston Sys. v. Lubertino*, 95 S.W.3d 423, 427 (Tex.App.-Houston [1st Dist.] 2002, no pet.). In *Lubertino*, this Court recently held that an employee who simultaneously sought to pursue her grievance proceedings and a lawsuit after the 60–day waiting period did not comply with section 554.006(d)'s election provision and, therefore, did not maintain jurisdiction in the trial court. *Id.*

2. *See, e.g., Smith v. Univ. of Tex. Southwestern Med. Ctr. of Dallas*, 101 S.W.3d 185, 189 (Tex.App.-Dallas 2003, no pet.) (exhaustion of administrative remedies required to maintain jurisdiction in trial court); *Marin*, 19 S.W.3d at 442 (same). *Cf. Univ. of Tex. Med. Branch at Galveston v. Barrett*, 112 S.W.3d 815 (Tex. App.-Houston [14th Dist.] 2003, no pet. h.) (exhaustion of remedies not required; noncompliance with Act's 60–day waiting period requires abatement instead of dismissal).

3. *See Gregg County v. Farrar*, 933 S.W.2d 769, 775 (Tex.App.-Austin 1996, writ denied).

4. *See City of Austin v. Ender*, 30 S.W.3d 590, 594 (Tex.App.-Austin 2000, no pet.) (exhaustion of administrative remedies "as provided in the whistle-blower statute encourages compliance through voluntary resolution, conference, conciliation and informal processes other than litigation").

5. *See e.g., Univ. of Tex. Med. Branch v. Savoy*, 86 S.W.3d 782, 787 (Tex.App.-Beaumont 2002, pet. denied); *Marin*, 19 S.W.3d at 442; *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 774 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Farrar*, 933 S.W.2d at 777. Only the Fourteenth Court of Appeals has held differently, and even that court would abate prematurely filed judicial proceedings pending the outcome of administrative proceedings. *Barrett*, 112 S.W.3d at 818.

For the foregoing reasons, I believe the Court should grant rehearing, withdraw and vacate its August 22, 2003 en banc opinion, and adopt the dissenting opinion as the opinion of the en banc court.