Opinion issued June 30, 2005









     

In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00828-CV




THE UNIVERSITY OF HOUSTON, Appellant

V.

STEPHEN BARTH, Appellee




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2001-34089




CONCURRING OPINIONThis case presents the question of whether a plaintiff’s failure to comply with
the Texas Whistleblower Act’s statutory requirements deprives a trial court of its
subject matter jurisdiction. In Texas Southern University v. Carter, this court
concluded that it does. 84 S.W. 3d 787, 792 (Tex. App.—Houston [1st Dist.] 2002,
no pet.). The emerging jurisprudence of the Texas Supreme Court, however, strongly
signals that it does not. Instead, absent a framework in which statutory requirements
expressly define a trial court’s power to hear the subject matter, such requirements
are not jurisdictional, but rather operate only as elements necessary to a recovery. 
          The trial court in this case did not err in denying the university’s pleas to the
jurisdiction because the Whistleblower Act does not require exhaustion of
administrative remedies—or any sort of administrative decision, for that
matter—before filing suit in state district court. Tex. Gov’t Code Ann. § 554.006
(Vernon 2004). The statute does not expand or limit a trial court’s power to hear the
subject of the lawsuit. The university’s complaints about the timing of Barth’s
initiation of grievance proceedings thus are not attacks on the trial court’s subject
matter jurisdiction, but instead are arguments against its employee’s right to a
recovery under the Act. Given the Texas Supreme Court’s recent decisions, this court
should overrule its holding in Carter, instead of following it, because the grievance
initiation timetables in the Act are not jurisdictional. I would affirm the trial court on
this ground, and therefore I respectfully concur.
          The Statutory Language
          Pursuant to section 554.006, entitled “Use of Grievance or Appeal Procedures,”
a public employee seeking a recovery under the Whistleblower Act must initiate 
grievance or appeal procedures available through his employer “before suing” under
the Whistleblower Act. See Tex. Gov’t Code Ann. § 554.006(a). The section also
requires an employee to invoke such grievance procedures within 90 days after a
violation of the statute occurs, or is discovered by, the employee. Id. § 554.006(b).
The time an employee uses in pursuing a grievance or appeal procedure is excluded
from the statute of limitations associated with the Act. Id. § 554.006(c). 
          But a plaintiff is not required to exhaust his grievance or appeal process before
filing suit. Section 554.006 further provides that, if the grievance or appeal procedure
does not result in a final decision within 60 days of its initiation, then an aggrieved
employee may elect either to (1) exhaust the procedure, in which case he must sue
within thirty days of exhaustion; or (2) terminate the procedure and sue within the
Act’s standard limitations period. Id. § 554.006(d). The statute thus does not forbid
the trial court from deciding matters before it unless or until another tribunal reaches
a decision; rather, the statute expressly contemplates that grievance proceedings may
be abandoned and never conclude. Nor does the statute bind a trial court with the
decision of a grievance or appeal process, in ways that a trial court is bound, for
example, upon hearing a case appealed from an administrative tribunal. See, e.g.,Tex.
Gov’t Code Ann § 2001.174 (Vernon 2000) (defining judicial review of state
agency administrative decisions).
          Supreme Court Jurisprudence
          In Dubai Petroleum Co. v. Kazi, the Texas Supreme Court held that courts
should not assume that all statutory requirements are jurisdictional requirements. 12
S.W.3d 71, 76 (Tex. 2000). The Court observed that a lack of jurisdiction deprives
the court of the power to act (other than to determine that it has no jurisdiction), and
to ever have acted. Id. at 74–75. Consequently, any jurisdictional irregularity
suscepts a judgment to attacks upon its finality, even if no party raised the issue at or
before the time of judgment. Id. at 76. In Kazi, the court held that the Legislature did
not intend the statutory requirements for suing in Texas for an injury or death that
occurred in a foreign country to be jurisdictional. Id. at 77.
          The Texas Supreme Court applied its analysis in Kazi to the notice provision
of the Tort Claims Act in University of Texas Southwestern Medical Center at Dallas
v. Loutzenhiser, 140 S.W.3d 351 (Tex. 2004). There, the court reiterated the principle
that, absent the intent of the Legislature to fortify a statutory requirement with a
jurisdictional effect, none should be assumed in construing a statute. See id. at 359. 
          Earlier this year, in The University of Texas Medical Branch at Galveston v.
Barrett, 159 S.W.3d 631(Tex. 2005), the Texas Supreme Court stepped toward
harmonizing the Whistleblower Act with its jurisprudence in Kazi and Loutzenhiser. 
There, the court held that, section 554.006 does not require an employee to exhaust
the grievance or appeal procedures before filing suit, and therefore a trial court could
abate an action filed prematurely under the Act. Id. at 632–33. It expressly noted that
an abatement protected the purpose of the statute whether or not its grievance
initiation requirements are jurisdictional in nature. Id. at 633. Of course, an
abatement is an exercise of a court’s power that presumes jurisdiction exists, and
includes the premise that the court will entertain the lawsuit to its final outcome at a
later date. See Butnaru v. Ford Motor Company, 84 S.W.3d 198, 207–08 (Tex. 2002) 
The court’s conclusion that an abatement protects the purpose of the statute also lends
support to a view that the statute was never intended to be an arbiter of trial court
jurisdiction in the first place. Rather, the Act establishes parameters under which a
recovery may be sought—much like a limitations statute, or a notice provision under
the Tort Claims Act. See Loutzenhiser,140 S.W.3d at 359–60.
          And, in Barrett, the Texas Supreme Court included a footnote expressly
disapproving of cases that have held “to the contrary” including one from this court
that relied upon Carter. See Barrett, 159 S.W.3d at 633 n.6 (expressly disapproving
of Harris County v. Lawson, 122 S.W.3d 276, 281–84 (Tex. App.—Houston [1st
Dist.] 2003, pet. denied) (en banc)). The Texas Supreme Court’s disapproval of
Lawson includes a parenthetical noting that our holding in that case suggests that the
statutory prerequisites of the Whistleblower Act are jurisdictional. The footnote (with
page references to our jurisdictional discussion) intimates that our “suggestion” in
Lawson is wrong. Otherwise, the court need not have disapproved of it—after all, the
plaintiff in Lawson was held to have satisfied the statutory requirements at issue in
that case. Lawson, 122 S.W.3d at 284. Together with Lawson, the Texas Supreme
Court similarly disapproved of a decision from the Waco Court of Appeals that held
the Act’s requirements to be jurisdictional. Barrett, 159 S.W.3d at 633 n.6. 
Accordingly, I respectfully disagree with the majority that Lawson was “disapproved
of on other grounds.”



          Carter Lacks Vitality Post-Loutzenhiser
          Our court decided Carter shortly after the Texas Supreme Court decided Kazi.
At the time, we declined to apply the principles the Texas Supreme Court enunciated
in Kazi—a wrongful death action—to a case involving an action under the
Whistleblower Act.


 At the time, we read nothing in Kazi to indicate an intent to
broadly include other statutes. See Carter ,784 S.W.3d at 790. Even at the time, such
a narrow interpretation was questionable, given the Texas Supreme Court’s express
disavowal of longstanding Texas jurisprudence that tilted toward reading statutory
requirements as tantamount to jurisdictional ones. See Kazi, 12 S.W.3d at 76
(expressly overruling Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926),
observing that better policy is to preserve finality of judgments when such reading
is not inconsistent with statutory language). Loutzenhiser placed the argument that
Kazi was confined to a narrow set of facts to rest. See Loutzenhiser, 140 S.W.3d at
358 (holding that, in viewing statutory language generally, Legislature is bound to
know consequences of making statutory requirement jurisdictional one, and courts
must analyze whether it was Legislature’s intent to confer such consequences). With
the benefit of the Texas Supreme Court jurisprudence that has emerged post-Carter,
we can no longer rely upon the distinction that it drew from Kazi, for we now know
that statutory elements are not synonymous with jurisdictional elements. As the
distinction Carter relies upon is no longer valid, we should not continue to follow it,
and refrain from analyzing whether the Whistleblower Act’s grievance initiation
precepts are inherently jurisdictional.
          Application of the Principles in Kazi and Loutzenhiser
          Such an analysis would reveal that the grievance initiation provision of the
Whistleblower Act, like the notice provision of the Tort Claims Act, is not one in
which the Texas Legislature defines the power of the trial courts to hear and decide
cases, nor to require they be met as a condition precedent to waiver of immunity. The
Act merely requires claimants to initiate a dispute resolution process, and to comply
with prescribed time periods for filing suit—a specialized limitations provision of
sorts. Like the notice provision of the Tort Claims Act, a grievance initiation process
notifies the potential defendant of the claim against it and facilitates early resolution,
if possible, of the dispute. The statute does not require the process to continue or 
even to conclude with a decision. It does not bind the trial court with findings, or
establish any sort of judicial review over the final decision of the grievance process,
thus expressing no preference “to have the agency resolve disputed issues of fact and
policy.” See Loutzenhiser, 140 S.W.3d at 361 (quoting Essenburg v. Dallas County,
988 S.W.2d 188, 189 (Tex. 1998)). Hence, the statute imposes no express
jurisdictional constraints. Given the preference for the finality of judgments, and the
Legislature’s knowledge that, absent express definition, courts will not presume a
statute to be jurisdictional, nothing about the Act indicates a legislative intent to
define the power of the trial courts to hear and decide these cases, as opposed to
defining the substantive and procedural elements that must be met to obtain a
recovery. See id.
CONCLUSION
          The grievance initiation requirements of the Whistleblower Act do not deprive
a trial court of its subject matter jurisdiction should a claimant fail to comply with
them. The trial court therefore did not err in denying The University of Houston’s
pleas to the jurisdiction, and I concur in the judgment.



                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Justice Bland concurring.